# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs September 7, 2011

## RICKY NELSON v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court of Shelby County**
**No. P-11480     J. Robert Carter, Jr., Judge**

---

**No. W2010-02088-CCA-R3-PC  - Filed December 14, 2011**

---

Ricky Nelson ("the Petitioner") filed a motion for post-conviction deoxyribonucleic acid ("DNA") testing pursuant to the Post-Conviction DNA Analysis Act of 2001, requesting DNA analysis of a knife used in the perpetration of a rape.  After a non-evidentiary hearing, the post-conviction court denied relief, and the Petitioner has appealed.  After reviewing the record, we have determined, in light of the recent decision of the Tennessee Supreme Court in Powers v. State, 343 S.W.3d 36, 56 (Tenn. 2011), that a remand of the case to the post-conviction court is necessary for the post-conviction court to consider and rule upon whether the Petitioner has satisfied the first of four factors necessary for the Petitioner to demonstrate his right to DNA analysis and to address whether the Powers decision would affect the post-conviction court's analysis and finding on the second of the four factors.

**Tenn. R. App. P. 3 Appeal as of Right; Case Remanded**
**to the Post-Conviction Court**

JEFFREY S. BIVINS, J., delivered the opinion of the Court, in which THOMAS T. WOODALL and ALAN E. GLENN, JJ., joined.

William D. Massey and Lorna S. McClusky, Memphis, TN, and Craig Cooley, New York, NY, for the appellant, Ricky Nelson.

Robert E. Cooper, Jr., Attorney General & Reporter; John H. Bledsoe, Senior Counsel; William L. Gibbons, District Attorney General; John Campbell, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## Factual and Procedural Background

The Petitioner was convicted by a jury of aggravated rape, aggravated robbery, and second degree burglary. He was sentenced to twenty-five years. The Petitioner appealed the convictions, which were affirmed by this Court. See State v. Ricky Nelson, No. 02-C-019103CR00050, 1991 WL 193776 (Tenn. Crim. App. Oct. 2, 1991), perm. app. denied, (Tenn. Feb. 24, 1992). In our decision on the direct appeal, we recited the following limited facts:

> [The Petitioner] raped and robbed a woman in her own home in Memphis while she was dressing for church on Sunday, February 19, 1989. He entered the home for the ostensible purpose of talking with the woman's daughter about a job. He had talked with the younger woman the preceding day. Before the rape and robbery, the daughter called her mother, and [the daughter] realized that the [Petitioner] was in the home because she recognized his voice. The [Petitioner] brandished a butcher knife during his crimes. After the brutal rape and robbery, the ensuing investigation corroborated the testimony of both women at the two-day trial. Both women identified the [Petitioner] at trial as the man who had come to the home on Saturday and later raped and robbed the mother on Sunday.
>
> After the state rested, the [Petitioner] was questioned by his attorney and the court as to whether or not he wanted to take the witness stand. He stated that he did not. He presented no proof. Deliberating for less than an hour, the jury convicted [the Petitioner].

Nelson, 1991 WL 193776, at *1.

The Petitioner filed for post-conviction relief and post-conviction DNA testing, arguing that he was entitled to state-funded DNA testing and that his counsel was ineffective at trial. One of the Petitioner's bases for ineffective counsel was the fact that trial counsel did not seek DNA testing at the request of the Petitioner. The trial court denied the Petitioner post-conviction relief, and this Court subsequently affirmed the denial. See Ricky Nelson v. State, No. 02C01-9607-CR-00223, 1998 WL 54975 (Tenn. Crim. App. Feb. 12, 1998). In 2010, the Petitioner filed a Motion for Post-Conviction DNA Testing of the knife used in

the commission of the rape, and the trial court denied the motion after a non-evidentiary hearing.[1]  The trial court stated in its order denying relief:

> The evidence in question is a knife that was found at the crime scene and was allegedly used during the commission of the crime.  The knife has been in evidence for two decades and has been moved to new storage facilities numerous times.  Further, the knife has not been maintained in a sterile or protected container.  The condition of the knife is such that it fails prong two of the test laid out in Tenn. Code Ann. § 40-30-304(1)-(4).  The knife has not been kept in a condition that a conclusive DNA analysis may be conducted.

The Petitioner timely appealed and argues that the knife is in a condition such that DNA analysis could be conducted and, if the analysis linked the DNA from the knife to the DNA of a documented offender in the DNA database,[2] such a match would exculpate the Petitioner.

**ANALYSIS**

Standard of Review

The Petitioner challenges the post-conviction court's decision to deny DNA testing under the DNA Post-Conviction Analysis Act of 2001 ("the Act").  See Tenn. Code Ann. §§ 40-30-301 - 313.  Under the Act, "[t]he post-conviction court is afforded considerable discretion in determining whether to grant a petitioner relief . . . , and the scope of appellate review is limited."  Donnie E. Johnson v. State, No. W2006-02208-CCA-R3-PD, 2007 WL 852147, at *4 (Tenn. Crim. App. Mar. 22, 2007).  On appeal, "this Court will not reverse unless the judgment of the lower court is not supported by substantial evidence."  Id. (citation omitted).

---

[1] Judge John P. Colton, Jr. conducted this hearing and issued the actual order denying relief.  Judge Colton subsequently retired and Judge J. Robert Carter, Jr. succeeded him in this office.

[2] Combined DNA Index System ("CODIS") is an electronic database that stores the DNA profiles of persons convicted of certain crimes as well as DNA retrieved from evidence found at a crime scene. Powers v. State, 343 S.W.3d 36, 45-46 (Tenn. 2011) (citing Basics of How CODIS Works, DNA Initiative, http://www.dna.gov/dna-databases/codis (last visited June 14, 2011)).  "CODIS allows State and local forensics laboratories to exchange and compare DNA profiles electronically in an attempt to link evidence from crime scenes for which there are no suspects to DNA samples of convicted offenders on file in the system."  Id. at 46 (quoting Banks v. United States, 490 F.3d 1178, 1181 (10th Cir. 2007)).

<u>Tennessee Code Annotated § 40-30-304</u>

Under the Act, any individual convicted of aggravated rape, among several other enumerated offenses,

> may at any time, file a petition requesting the forensic DNA analysis of any evidence that is in the possession or control of the prosecution, law enforcement, laboratory, or court, and that is related to the investigation or prosecution that resulted in the judgment of conviction and that may contain biological evidence.

Tenn. Code Ann. § 40-30-303 (2006). Our Supreme Court has interpreted "any time" to indicate that there is no statutory time limit and that it does not matter whether the request was made at the time of trial. <u>See</u> <u>Griffin v. State</u>, 182 S.W.3d 795, 799 (Tenn. 2006).

A post-conviction court is required to permit DNA analysis if a petitioner meets the following four qualifications:

> (1) A reasonable probability exists that the petitioner would not have been prosecuted or convicted if exculpatory results had been obtained through DNA analysis;
> (2) The evidence is still in existence and in such a condition that DNA analysis may be conducted;
> (3) The evidence was never previously subjected to DNA analysis or was not subjected to the analysis that is now requested which could resolve an issue not resolved by previous analysis; and
> (4) The application for analysis is made for the purpose of demonstrating innocence and not to unreasonably delay the execution of sentence or administration of justice.

Tenn. Code Ann. § 40-30-304 (2006). Additionally, a court may, at its discretion, order DNA analysis if it finds that the last three of the above qualifications are met and "a reasonable probability exists that analysis of the evidence will produce DNA results that would have rendered the petitioner's verdict or sentence more favorable if the results had been available at the proceeding leading to the judgment of conviction." Tenn. Code Ann. § 40-30-305 (2006).

When the state challenges the existence of any of the requirements under the Act and "it is apparent that each prerequisite cannot be established, the [post-conviction] court has the authority to dismiss the petition." William D. Buford v. State, No. M2002–2180-CCA-R3-PC, 2003 WL 1937110, at *6 (Tenn. Crim. App. Apr. 24, 2003), perm. app. denied, (Tenn. 2003). Furthermore, "a petitioner's failure to meet any of the qualifying criteria is fatal to the action." Joseph W. Wilson v. State, No. W2006-00685-CCA-R3-PC, 2007 WL 1227469, at *7 (Tenn. Crim. App. Apr. 26, 2007) (citation omitted). See also Jesse Haddox v. State, No. M2003-00514-CCA-R3-PC, 2004 WL 2544668, at *2 (Tenn. Crim. App. Nov. 10, 2004) (stating that "the trial court must order DNA analysis of such evidence only if a petitioner satisfies all of the statutory requirements") (citing Tenn. Code Ann. § 40-30-304). Our Supreme Court has noted that "the post-conviction court is not required by the Act to hold an evidentiary hearing in order to decide whether testing should be granted, and, therefore, the record on appeal may be limited." Powers v. State, 343 S.W.3d 36, 56 (Tenn. 2011). In order to ascertain the critical facts and evidence from trial, it may be helpful to look to "the recitation of facts contained in prior appellate opinions." Id.

The State has conceded that the third and fourth factors of Tennessee Code Annotated section 40-30-304 have been established. The knife has not yet been subjected to DNA testing, and because the Petitioner is currently serving out his prison sentence, he is not seeking testing in order to delay that sentence. See Tenn. Code Ann. 40-30-304(3) & (4); see also Griffin v. State, 182 S.W.3d at 800 (Tenn. 2006) (holding that the evidence did not support a conclusion that the petitioner sought DNA testing to unreasonably delay his sentence when "he had been serving his sentence and continue[d] to do so."). Therefore, our analysis must focus on the first and second factors of Tennessee Code Annotated section 40-30-304.

*Tennessee Code Annotated § 304(1)*

Under Tennessee Code Annotated section 40-30-304(1), we must determine whether "[a] reasonable probability exists that the petitioner would not have been prosecuted or convicted if exculpatory results had been obtained through DNA analysis." A reasonable probability is "a probability sufficient to undermine confidence in the outcome." Powers, 343 S.W.3d at 54 (citations omitted). Although "it is difficult to anticipate what results DNA testing may produce in advance of actual testing," we must assume that the DNA analysis results will be exculpatory. Powers, 343 S.W.3d at 55 (quoting State v. Peterson, 364 N.J.Super. 287, 836 A.2d 821, 827 (N.J. Super. Ct. App. Div. 2003) (other citations omitted)). The Tennessee Supreme Court held in Powers that "'the trial court should postulate whatever realistically possible test results would be most favorable to [the] defendant in determining whether he has established' the reasonable probability requirement

under the jurisdiction's DNA testing statute." Powers, 343 S.W.3d at 55 (quoting Peterson, 836 A.2d at 827).

In Powers, the petitioner claimed that the DNA testing results would be exculpatory if the results were compared with a DNA database and the DNA matched a profile in the DNA database. Id. at 39. Before Powers, this Court had not allowed DNA results to be compared with a DNA database as a method of proving exculpatory results. See Sedley Alley v. State, No. W2006-00179-CCA-R3-PD, 2006 WL 1703820, at *7 (Tenn. Crim. App. June 22, 2006) (holding that the scope the Post-Conviction DNA Analysis Act of 2001 "is limited to the performance of DNA analysis which compares the petitioner's DNA to . . . biological specimens gathered at the time of the offense"). In Powers, the Tennessee Supreme Court overruled Sedley Alley, holding that:

> [the] Act permits access to a DNA database if a positive match between the crime scene DNA and a profile contained within the DNA database would create a reasonable probability that a petitioner would not have been prosecuted or convicted if exculpatory results had been obtained or would have rendered a more favorable verdict or sentence if the results had been previously available.

Powers, 343 S.W.3d at 39. Here, the Petitioner asserts that, as in Powers, if the knife were to undergo DNA testing and obtain a match to the DNA database, such a match would establish a reasonable probability that he would not have been prosecuted or convicted.

We note that the post-conviction court did not have the Powers decision for guidance at the time of its hearing or ruling. The hearing took place in June 10, 2010. The court entered its order denying relief on August 30, 2010. The Powers decision was not issued until June 16, 2011.

In Powers, the Tennessee Supreme Court also made clear that the post-conviction court has an independent duty to "assess the probative value of the DNA evidence and the effect it would have on the State's case." Id. at 57 n.30. In this case, the post-conviction court did not make such an assessment. The order denying testing relied solely upon the second of the four factors. The State contested the first factor before the post-conviction court and also has asserted this position before this Court. Because the post-conviction court did not address the first factor in its order, we are unable to conduct appropriate appellate review of this factor. Accordingly, we hold that this case must be remanded to the post-conviction court for that court to assess and make findings as to the first factor in light of the Tennessee Supreme Court's Powers decision.

Additionally, in light of the necessity for remand, we also instruct the post-conviction court to revisit its findings as to the second factor. This Court has recognized that, in order to find that a petitioner fulfilled the requirements under the Act, "some physical evidence must be available and in a proper condition to enable DNA analysis." Johnson, 2007 WL 852147, at *4. See also Tenn. Code Ann. § 40-30-304(2). Furthermore, Powers now requires that, if the State argues that the evidence is not in existence or in a condition suitable for DNA testing, the petitioner must then "present scientific proof demonstrating that DNA analysis is possible." Powers, 343 S.W.3d at 59. Thus, we instruct the post-conviction court to reassess the second factor and make additional findings on the second factor consistent with the teachings of Powers.

## CONCLUSION

Because the post-conviction court did not have the Tennessee Supreme Court's opinion in Powers for guidance when it issued its decision in this case, we remand this case to the post- conviction court for further consideration and findings on the first and second factors consistent with this opinion.


_____
JEFFREY S. BIVINS, JUDGE