IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 25, 2012

**THOMAS EDWARD KOTEWA v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Anderson County**
**Nos. B0C01004     Donald R. Elledge, Judge**

**No. E2011-02527-CCA-R3-PC - Filed October 26, 2012**

Petitioner, Thomas Edward Kotewa, appeals the post-conviction court's denial of his petition for DNA testing pursuant to the Post-Conviction DNA Analysis Act of 2001, alleging that DNA testing of clothing he was wearing at the time of the murder to which he pleaded guilty and testing of the murder weapon would have supported his position of self-defense.  The post-conviction court summarily dismissed the petition.  Perceiving no error, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROGER A. PAGE, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and ROBERT W. WEDEMEYER, JJ., joined.

Thomas Edward Kotewa, Pikeville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; David S. Clark, District Attorney General; and Sandra N. C. Donaghy, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

I.  Procedural History

This case involves the shooting death of the victim, LaShawn Terence Mims, to which petitioner pleaded guilty.  As set forth in this court's prior opinion denying post-conviction relief, the State's evidence included two witnesses who identified petitioner as the shooter and  petitioner's admission to police that he shot the victim. *Thomas Kotewa v. State*, No. E2007-02193-CCA-R3-PC, 2009 WL 1635177, at *1  (Tenn. Crim. App. June 11, 2009),

*perm. app. denied* (Tenn. Oct. 19, 2009). Petitioner pleaded guilty to the offense of second degree murder on November 6, 2006, in exchange for an agreed-upon sentence of fifteen years as a Range I violent offender. *Thomas Kotewa*, 2009 WL 1635177, at *1.

Petitioner filed a petition for post-conviction relief on January 26, 2007, and an amendment thereto on February 14, 2007. *Id.* The post-conviction court appointed counsel, who filed another amended petition on April 9, 2007. *Id.* Following an evidentiary hearing, the post-conviction court denied the petition for post-conviction relief on September 24, 2007. *Id.* Petitioner appealed the denial of post-conviction relief to this court, alleging: (1) ineffective assistance of counsel for failing to pursue discovery, interview witnesses, advance a valid defense, and investigate petitioner's competence; (2) he did not understand the nature of his guilty plea; (3) the indictment against him was void because it did not allege "malice aforethought"; and (4) ineffective assistance of "11th hour" counsel. *Id.* This court affirmed the post-conviction court's denial of relief, and our supreme court denied discretionary review. *Id.* at *6.

On September 13, 2010, the petitioner, acting pro se, filed a "Petition for Writ of Error Coram Nobis" alleging he had "newly discovered evidence" that established "his actual and factual innocence by way of scientific and witness reports and statements of exculpatory material evidence." *Thomas Kotewa v. State*, No. E2010-02305-CCA-R3-CO, 2011 WL 2206654, at *1 (Tenn. Crim. App. June 7, 2011), *no perm. app. filed*. He claimed this new evidence would have resulted in dismissal of his case or reduction of his sentence. *Id.* On October 8, 2010, the trial court summarily dismissed the error coram nobis petition because petitioner had not complied with technical and procedural requirements. *Id.* Petitioner filed a motion to reconsider in the coram nobis court and a timely notice of appeal to this court. We affirmed the judgment of the coram nobis court, and petitioner did not seek second-tier appellate review. *Id.* at *3.

On September 3, 2010, a few days prior to requesting coram nobis relief, petitioner filed a motion to re-open his post-conviction case. He then, on October 28, 2010, filed a request for DNA analysis pursuant to the Post-Conviction DNA Analysis Act of 2001 asking for DNA testing of several items, including the murder weapon, a magazine, a cartridge, bullets and fragments, and articles of clothing. The court ordered the State to file a response, which it filed on January 7, 2011. On October 12, 2011, the State filed a response to petitioner's July 11, 2011 amended motion to re-open his post-conviction case. On October 28, 2011, petitioner filed a motion to amend his pleadings to clarify that he sought relief under the Post-Conviction DNA Analysis Act rather than under the Post-Conviction Procedure Act. Petitioner replied to the State's response to his motion to re-open his post-conviction case on October 31, 2011, and on that date also filed a motion for consolidation of actions and a motion for appointment of counsel. By written order, the post-conviction

court denied petitioner's motion to re-open the post-conviction proceedings and the petition for DNA analysis on November 3, 2011. Thereafter, petitioner filed a document entitled "Hearing Brief," which was filed in the clerk's office on November 14, 2011, and a timely notice of appeal, filed on November 28, 2011.

## II. Analysis

On appeal to this court, petitioner raises the sole issue of whether the post-conviction court properly denied his petition for post-conviction DNA analysis. He appears to have abandoned his initial motion to re-open his post-conviction petition for appellate review. While the sole issue in petitioner's brief pertains to the trial court's denial of his request under the Post-Conviction DNA Analysis Act, his argument includes topics such as suppression of favorable evidence under *Brady v. Maryland*.[1] Such issues may have been raised and addressed in his motion to re-open his post-conviction proceedings but are not encompassed by the DNA analysis act.

Moreover, any claims pertaining to the court's denial of his motion to re-open the post-conviction proceedings are not cognizable in this appeal. An appeal as of right is not available to a petitioner for a post-conviction court's denial of his motion to re-open a post-conviction petition. *See* Tenn. R. App. P. 3(b); *Fletcher v. State*, 951 S.W.2d 378, 382 (Tenn. 1997) (concluding that "an appeal from the denial of a motion to re-open is a discretionary appeal, not an appeal as of right"). Petitioner in the instant case filed a notice of appeal rather than an application for permission to appeal. "In general, the contents of an application for appeal must include the date and judgment from which the petitioner seeks review, the issue which the petitioner seeks to raise, and the reasons why the appellate court should grant review." *Graham v. State*, 90 S.W.3d 687, 691 (Tenn. 2002). Even if petitioner's notice could be construed as an application for permission to appeal, *see Graham*, 90 S.W.3d at 691, his notice is devoid of the necessary information. In addition, petitioner must have requested permission to appeal the post-conviction court's order denying his motion to re-open within thirty days[2] of the order and must have comported with Tennessee Code Annotated section 40-30-117 by appending necessary documentation.

---

[1] 373 U.S. 83 (1963).

[2] Petitioner filed the motion to re-open on September 3, 2010. While it was pending, effective May 27, 2011, the General Assembly extended the time within which an appeal may be taken from a post-conviction court's order denying a petitioner's motion to re-open post-conviction proceedings. Prior to that date, a petitioner must have filed a request to appeal within ten days. The time frame is now extended to thirty days. Even allowing petitioner the benefit of the thirty-day deadline, he failed to perfect his appeal of the post-conviction court's denial of his motion to re-open by failing to attach the required documents to his notice.

Petitioner failed to comply with the statutory requirements for requesting permission to appeal. Accordingly, our review is limited to petitioner's claims regarding the post-conviction court's denial of his petition for DNA analysis.

The Post-Conviction DNA Analysis Act of 2001 ("The Act") allows petitioners convicted and sentenced for certain homicide and sexual assault offenses in which biological evidence may have existed to request post-conviction DNA testing. Tenn. Code Ann. § 40-30-303 (2006). The Act contains no statutory time limit and extends to petitioners the opportunity to request analysis at "any time," regardless of whether such a request was made at trial:

> [A] person convicted of and sentenced for . . . [second degree murder] . . . may at any time, file a petition requesting the forensic DNA analysis of any evidence that is in the possession or control of the prosecution, law enforcement, laboratory, or court, and that is related to the investigation or prosecution that resulted in the judgment of conviction and that may contain biological evidence.

*Griffin v. State*, 182 S.W.3d 795, 799 (Tenn. 2006) (citing Tenn. Code Ann. § 40-30-303 (2003)). The Act divides cases into two distinct categories in which DNA analysis may be appropriate. In the first instance, mandatory DNA analysis must be ordered in cases where the trial court finds that:

(1) A reasonable probability exists that the petitioner would not have been prosecuted or convicted if exculpatory results had been obtained through DNA analysis;

(2) The evidence is still in existence and in such a condition that DNA analysis may be conducted;

(3) The evidence was never previously subjected to DNA analysis or was not subjected to the analysis that is now requested which could resolve an issue not resolved by previous analysis; and

(4) The application for analysis is made for the purpose of demonstrating innocence and not to unreasonably delay the execution of sentence or administration of justice.

Tenn. Code Ann. § 40-30-304 (2006). Discretionary DNA analysis may be ordered if the trial court finds that:

(1)     A reasonable probability exists that analysis of the evidence will produce DNA results which would have rendered the petitioner's verdict or sentence more favorable if the results had been available at the proceeding leading to the judgment of conviction;

(2)     The evidence is still in existence and in such a condition that DNA analysis may be conducted;

(3)     The evidence was never previously subjected to DNA analysis, or was not subjected to the analysis that is now requested which could resolve an issue not resolved by previous analysis; and

(4)     The application for analysis is made for the purpose of demonstrating innocence and not to unreasonably delay the execution of sentence or administration of justice.

Tenn. Code Ann. § 40-30-305 (2003). "A reasonable probability of a different result exists when the evidence at issue, in this case potentially favorable DNA results, undermines confidence in the outcome of the prosecution." *Harold James Greenleaf, Jr. v. State*, No. M2009-01975-CCA-R3-CD, 2010 WL 2244099, at *4 (Tenn. Crim. App. Apr. 21, 2010), *perm. app. denied* (Tenn. Nov. 15, 2010) (citations and quotations omitted).

The Post-Conviction DNA Analysis Act of 2001 "'does not specifically provide for a hearing as to the qualifying criteria . . . .'" *Dennis R. Gilliland v. State*, No. M2007-00455-CCA-R3-PC, 2008 WL 624931, at *3 (Tenn. Crim. App. March 3, 2008) (quoting *William D. Buford v. State*, No. M2002-02180-CCA-R3-PC, 2003 WL 1937110, at *3 (Tenn. Crim. App. Apr. 24, 2003)). Thus, "'[i]f the [S]tate contests the presence of any qualifying criteria [required by the Act] and it is apparent that each prerequisite cannot be established, the trial court has the authority to dismiss the petition' in summary fashion." *Id*. at *3 (quoting *William D. Buford*, 2003 WL 1937110, at *6). A petitioner's failure to establish any one of qualifying criteria results in dismissal of the action. *Powers v. State*, 343 S.W.3d 36, 48 (Tenn. 2011).

"The post-conviction court is afforded considerable discretion in determining whether to grant a petitioner relief under the Act, and the scope of appellate review is limited." *William D. Buford*, 2003 WL 1937110, at *3. In ruling on petitioner's request for DNA analysis, the post-conviction court must consider all "available evidence, including the evidence presented at trial and any stipulations of fact made by either party." *Id.* (citation omitted). For the purpose of conducting its analysis of a petitioner's claim, a post-conviction court must presume that DNA analysis would produce favorable results to the petitioner.

*Powers*, 343 S.W.3d at 55 n.28; *see* Tenn. Code Ann. § 40-30-305(1) (2003). The post-conviction court may also consider appellate court opinions on petitioner's direct appeal or his appeals of prior post-conviction or habeas corpus actions. *Id*. (citation omitted). This court will not reverse the judgment of the post-conviction court unless it is unsupported by substantial evidence. *Id.*; *see Willie Tom Ensley v. State*, No. M2002-01609-CCAR3-PC, 2003 WL 1868647, at *4 (Tenn. Crim. App. Apr. 11, 2003).

The post-conviction court reviewed all of the available evidence, including the transcript of the guilty plea hearing that was made an exhibit to petitioner's post-conviction case. At the guilty plea hearing, the State gave the following recitation of what the evidence would prove:

> [A]ccording to an investigation that was completed by the Oak Ridge Police Department on December 10, 2005, LaShawn Terrence Mims was shot to death and killed. This happened at 194 North Purdue Avenue. When law enforcement arrived, he was unconscious and laying on the second floor apartment's landing with a wound to his head. He was later pronounced dead. Two witnesses indicated that the person who shot him was Mr. Kotewa. In a later statement to law enforcement, he admitted that he shot the dead man.

At the guilty plea submission hearing, the trial court asked petitioner, "[A]re the statements that [the assistant district attorney general] made true?" Petitioner responded affirmatively. He also answered, "Yes," when the trial court asked if he was pleading guilty because he was, in fact, guilty.

In ruling on petitioner's request for post-conviction DNA analysis, the post-conviction court determined that petitioner failed to establish the first factor of Tennessee Code Annotated section 40-35-305, that there is a probability that he would not have been prosecuted or convicted if exculpatory DNA analysis results were obtained. It also concluded that petitioner made his request for DNA analysis for the sole purpose of unreasonably delaying execution of his sentence and the administration of justice, contrary to Tennessee Code Annotated section 40-30-304(4).

We must first determine whether petitioner requests mandatory or discretionary post-conviction DNA analysis. Tenn. Code Ann. § 40-30-304, -305 (2003). In his brief to this court, petitioner simply seeks relief pursuant to Tennessee Code Annotated section 40-30-303. However, in his argument, he asserts that DNA results could have "reduced the charge to manslaughter." He also asserts that the evidence would have been "material to [his] defense of self-defense." He does not claim actual innocence or the existence of another perpetrator. Thus, we review petitioner's claim under "discretionary" DNA testing, which

-6-

requires only that DNA results would render petitioner's verdict or sentence more favorable. *Id*. at § 40-30-305.

To begin our analysis, we first take note of petitioner's guilty plea and the effect his plea has on the instant matter. Petitioner took an oath to tell the truth then admitted in open court that he was guilty of the offense as outlined by the State. The State's offer of proof, to which petitioner agreed, cited two eyewitnesses who identified petitioner as the perpetrator and petitioner's admission of his involvement to law enforcement officers. This court has been reluctant to overturn a post-conviction court's decision denying DNA analysis when petitioner entered a voluntary guilty plea in the trial court. *See, e.g., Devon M. Crawford v. State*, No. W2010-01676-CCA-R3-PC, 2011 WL 2448925, at *4 (Tenn. Crim. App. June 20, 2011), *perm. app. denied* (Tenn. Oct. 18, 2011); *Harold James Greenleaf, Jr.,* 2010 WL 2244099, at *5;

Petitioner's primary concern with the DNA testing seems to be the testing of his jacket and blue jeans. The initial DNA test results produced a match to petitioner's DNA through a computerized system, and the State requested a "known" sample from petitioner by which to confirm the results. He contends that the confirmatory testing was never performed. We cannot discern how DNA results, even presuming the results to be exculpatory, can connect the evidence in question to his newly asserted claim of self-defense. He also alludes to his request for DNA analysis of the murder weapon, a cartridge, a magazine, and a bullet. Petitioner's guilty plea obviates the need for DNA testing of the murder weapon. He does not claim that the DNA of another individual would be found on any of the articles for which he requests testing. Petitioner has failed to carry the burden of proving that there is a reasonable probability that DNA results would have resulted in a lesser conviction or sentence.

Petitioner has also failed to establish that the evidence is still in existence and in a condition sufficient to allow testing. Tenn. Code Ann. § 40-30-305(2) (2003). Furthermore, the jacket and blue jeans have already been subject to DNA testing. *Id*. at § 40-30-305(3). Finally, we agree with the post-conviction court that petitioner has brought this request "to unreasonably delay the execution of sentence or administration of justice." *Id*. at § 40-30-305(4).

Accordingly, we conclude that the post-conviction court did not abuse its discretion in finding that petitioner had not established the qualifying criteria for DNA testing.

## CONCLUSION

Following our review of the record and the parties' briefs, we discern no error and affirm the judgment of the post-conviction court.

_____
ROGER A. PAGE, JUDGE