IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
JUNE 2005 Session

**STEVEN GRIFFIN v. STATE OF TENNESSEE**

**Appeal by permission from the Court of Criminal Appeals
Criminal Court for Davidson County
No. 93-C-1154     Steve Dozier, Judge**

_____

**No. M2003-00557-SC-R11-PC - Filed January 13, 2006**
_____

We accepted review of this cause under the Tennessee Rules of Appellate Procedure, Rule 11, in order to address a question of first impression: whether the right to DNA analysis created by the Post-Conviction DNA Analysis Act of 2001 may be waived by implication. Because the clear language of this Act provides that a petition for analysis may be filed at any time, we hold that the filing of such a petition is not subject to implied waiver. This holding, however, affects only eligibility to file the petition; the requirements set forth in the Act must be met before relief may be granted. Accordingly, and for the reasons stated, we reverse the judgment of the Court of Criminal Appeals and remand the case to the trial court for further proceedings pursuant to this opinion.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Criminal Appeals Reversed and Case Remanded to the Criminal Court for Davidson**

**County**

ADOLPHO A. BIRCH, J., delivered the opinion of the court, in which WILLIAM M. BARKER, C.J., and E. RILEY ANDERSON, JANICE M. HOLDER, JJ., and FRANK F. DROWOTA, III, Sp.J., joined.

Thomas Bloom, Nashville, Tennessee, for the Appellant, Steven Griffin.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; **and** Brent C. Cherry, Assistant Attorney General, for the Appellee, State of Tennessee.

**OPINION**

I.  Facts and Procedural History

The appellant, Steven Griffin, was indicted by the Davidson County Grand Jury for multiple counts of aggravated rape and a single count of kidnapping.  Having been extradited in June 1993, from Florida to Tennessee, he demanded a speedy trial under

the Interstate Compact on Detainers.[1] The State obliged, and his trial commenced within 180 days. On October 14, 1993, a Davidson County jury convicted Griffin of six counts of aggravated rape and one count of kidnapping. The trial court imposed a sentence of eighty-five years in the Department of Corrections; a sentence he now serves. This judgment was affirmed on direct appeal. In October 1996, Griffin petitioned for post-conviction relief on the basis of ineffective assistance of counsel. The trial court denied post-conviction relief, and the judgment was affirmed by the Court of Criminal Appeals.

Proceeding pro se, Griffin requested DNA analysis in December 2002 under

---

[1]The Interstate Compact on Detainers, Article III, paragraph (a) provides, in part,
> Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, *the person shall be brought to trial within one hundred eighty (180) days* after having caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of the person's imprisonment and request for a final disposition to be made of the indictment, information or complaint; provided, that for good cause shown in open court, the prisoner or the prisoner's counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance.

Tenn. Code Ann. § 40-31-101(2003 & Supp. 2005) (emphasis added).

the Post-Conviction DNA Analysis Act of 2001.[2]    His petition included the

following:

> The petitioner . . . request[s] that all human biological evidence in the
> possecution or control of the prosecution, law enforcement, laboratory,
> or court which relates to [this] investigation and prosecution . . . be held
> for DNA Analysis.
>
> The petitioner respectfully asserts according to his knowledge and belief
> that the human biological evidence has never been subject to DNA
> Analysis for comparison and identification purposes from the alleged
> victim of [this] cause of action.
>
> The petitioner did submit a blood sample for DNA Analysis. . . .
>
> The probability does exist that the petitioner would not have been
> prosecuted and/or convicted if exculpatory results had been obtained
> through DNA Analysis.
>
> The availability of DNA Analysis would have produced a more
> favorable result leading to the petitioner's innocence of the charged
> offense.

The State moved to dismiss the petition on the grounds (1) that "no DNA evidence

exists which could be subjected to testing or analysis" and (2) that "DNA Analysis

of the evidence would not have changed or in any way altered the jury's verdict"

because Griffin relied on the defense of consent at trial.

---

[2]The Post-Conviction DNA Analysis Act became effective in August 2001.  Tenn. Code
Ann. §§ 40-30-301 to -313 (2003).

The trial court denied Griffin's petition without an evidentiary hearing. The court specifically held that Griffin had "opted out" of DNA testing by demanding a speedy trial and by advancing the theory of consensual sex at trial. The trial court reasoned that under these circumstances, DNA evidence would have been useless to Griffin.

On direct appeal, the Court of Criminal Appeals affirmed the trial court's judgment. The Court stated as follows:

> [W]e conclude that the trial court should not have treated the request for DNA analysis as a petition to reopen the earlier post-conviction proceeding. We further conclude that the state's response was inadequate to explain why it could not produce the requested evidence and, therefore, could not supply grounds to summarily dismiss the petitioner's request. Moreover, we conclude that the "consensual sex" theory of defense did not, *as a matter of law,* defeat the request for DNA analysis. Finally, however, we hold that the application was properly dismissed for failure to satisfy the statutory condition that "[t]he application for analysis is made for the purpose of demonstrating innocence and not to unreasonably delay the execution of sentence or administration justice." Tenn. Code. Ann. § 40-30-304(4) (2003), and for that reason we affirm the judgment of the trial court.

Griffin v. State, No. M2003-00557-CCA-R3-PC, slip op. at 9 (Tenn. Crim. App. July 13, 2004). Griffin now appeals to this Court pursuant to Rule 11 of the Tennessee Rules of Appellate Procedure.

## II. Standard of Review

Whether a statute is susceptible to implied waiver is a question of law. The conclusions of law of a post-conviction court are reviewed under a de novo standard with no presumption of correctness. Serrano v. State, 133 S.W.3d 599, 603 (Tenn. 2004) (citing Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001)).

## III. Analysis

The Post-Conviction DNA Analysis Act of 2001 ("The Act") provides for post-conviction DNA analysis for petitioners convicted and sentenced for certain homicide and sexual assault offenses in which biological evidence may have existed. Tenn. Code Ann. § 40-30-303 (2003 & Supp. 2005). The Act addresses two categories of cases in which DNA analysis might be appropriate. First, DNA analysis is mandatory and must be ordered in cases where the trial court finds that:

> (1) A reasonable probability exists that the petitioner would not have been prosecuted or convicted if exculpatory results had been obtained through DNA analysis;
>
> (2) The evidence is still in existence and in such a condition that DNA analysis may be conducted;

(3) The evidence was never previously subjected to DNA analysis or was not subjected to the analysis that is now requested which could resolve an issue not resolved by previous analysis; and

(4) The application for analysis is made for the purpose of demonstrating innocence and not to unreasonably delay the execution of sentence or administration of justice.

Tenn. Code Ann. § 40-30-304 (2003).

Additionally, DNA analysis is discretionary and may be ordered if the trial court finds that:

(1) A reasonable probability exists that analysis of the evidence will produce DNA results which would have rendered the petitioner's verdict or sentence more favorable if the results had been available at the proceeding leading to the judgment of conviction;

(2) The evidence is still in existence and in such a condition that DNA analysis may be conducted;

(3) The evidence was never previously subjected to DNA analysis, or was not subjected to the analysis that is now requested which could resolve an issue not resolved by previous analysis; and

(4) The application for analysis is made for the purpose of demonstrating innocence and not to unreasonably delay the execution of sentence or administration of justice.

Tenn. Code Ann. § 40-30-305 (2003).

Notwithstanding the trial court's finding of waiver, the Act includes explicit

language that makes DNA analysis available at any time.

> [A] person convicted of and sentenced for . . . aggravated rape . . . *may at any time*, file a petition requesting the forensic DNA analysis of any evidence that is in the possession or control of the prosecution, law enforcement, laboratory, or court, and that is related to the investigation or prosecution that resulted in the judgment of conviction and that may contain biological evidence.

Tenn. Code Ann. § 40-30-303 (2003) (emphasis added). This provision has no statutory time limit and gives petitioners the opportunity to request analysis at "any time," whether or not such a request was made at trial.

On appeal, the Court of Criminal Appeals correctly noted that there is no statutory time limitation for filing a petition for DNA analysis. See id. The court reasoned, however, that because Griffin had demanded a speedy trial and DNA testing could not have been completed prior to trial, Griffin had "waived" his right to DNA testing by knowingly "bypassing" DNA testing so as to take advantage of his right to a speedy trial. Additionally, the court reasoned that Griffin had failed to demonstrate in his application one of the evidentiary prerequisites – "[t]he application for analysis is made for the purpose of demonstrating innocence and not to unreasonably delay the execution of sentence or administration of justice." See Tenn. Code Ann. §§ 40-30-304(4) & -305(4).

-8-

In the dissenting opinion, Judge Tipton notes,

> The Post-Conviction DNA Analysis Act has no provision that even hints of waiver relative to a request to test evidence for the first time. The applicable requirement for consideration is T.C.A. § 40-30-304(3) which states: "The evidence was never previously subjected to DNA analysis or was not subjected to the analysis that is now requested which could resolve an issue not resolved by previous analysis." The focus is on the fact that no test occurred, not on whether a previous opportunity existed or was pursued to have the test done.

Griffin v. State, No. M2003-00557-CCA-R3-PC, slip op. at 10 (Tenn Crim. App. July 13, 2004) (Tipton, J., dissenting). Consideration of a petition under the discretionary analysis set forth in Tennessee Code Annotated section 40-30-305(3) is subject to the same requirement. We agree with Judge Tipton's analysis.

> [C]ourts must attempt to give effect to the legislative purpose and intent of a statute, as determined by the ordinary meaning of its text, rather than seek to alter or amend it. When a statute lacks contradiction or ambiguity, courts are not at liberty to depart from the words of the statute. If the language contained within the four corners of a statute is plain, clear, and unambiguous, the duty of the courts is simple and obvious, to say sic lex scripta, and obey it.

Wausau Ins. Co. v. Dorsett, 172 S.W.3d 538, 543 (Tenn. 2005) (citations and quotations omitted). The plain language of section 40-30-303 indicates that a petition may be filed at any time, and no provision in the Act provides for waiver by failing to request analysis at a prior proceeding. Thus, while we find that DNA analysis may be expressly waived, or even abandoned, we conclude that under normal

circumstances, the right to DNA analysis under the Act may not be waived by implication.

The Court of Criminal Appeals also found that the petitioner had failed to show that his petition was not filed for improper dilatory purposes. One of the prerequisites for DNA analysis is that the "application for analysis is made for the purpose of *demonstrating innocence and not to unreasonably delay the execution of sentence or the administration of justice*." Tenn. Code Ann. §§ 40-30-304(4), 40-30-305(4) (emphasis added).

Noting concern about finality in its analysis regarding waiver, the Court of Criminal Appeals concluded that Griffin failed to demonstrate that his petition would "not unreasonably delay the execution of sentence or administration of justice." We are puzzled by this conclusion, especially in light of the fact that when Griffin filed the petition he had been serving his sentence and continues to do so. We can find no other evidence in the record to support this conclusion of unreasonable delay.

As this case demonstrates, findings of fact upon which rights are granted or denied are best made following an evidentiary hearing. Without an evidentiary basis

in the record, we are unable to determine whether the petitioner's purpose for requesting DNA analysis meets the criteria of the Act.


IV. Conclusion


We conclude that under the facts of this case, the petitioner has not impliedly waived his right to DNA analysis and is entitled to a hearing under the Post-Conviction DNA Analysis Act of 2001.  In light of the above, the judgment of the Court of Criminal Appeals is reversed.  The cause is remanded to the trial court for the purpose of conducting an evidentiary hearing to make findings of fact and conclusions of law in accordance with the Post-Conviction DNA Analysis Act of 2001, Tennessee Code Annotated sections 40-30-301 to -313.  Costs of this appeal are taxed to the State of Tennessee, for which execution may issue if necessary.


                                                      _____

ADOLPHO A. BIRCH, JR., JUSTICE