# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs May 1, 2012

## ERIC TOLLEY v. STATE OF TENNESSEE

### Appeal from the Criminal Court for Shelby County
### Nos. 04-05432-35    Paula Skahan, Judge

---

### No. W2011-01816-CCA-MR3-PC  - Filed October 25, 2012

---

Pro se Petitioner, Eric Tolley, appeals the summary dismissal of his petition for post-conviction relief seeking analysis of certain evidence under the Post-Conviction DNA Analysis Act of 2001 ("The Act").[1]  The Petitioner originally entered guilty pleas to three counts of aggravated sexual battery and two counts of rape of child for which he received an effective sentence of twenty-one years and six months in the Department of Correction.  In this appeal, the Petitioner contends the post-conviction court erred in denying his petition without an evidentiary hearing.  Upon review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and D. KELLY THOMAS, JR., JJ., joined.

Eric Tolley, Whiteville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia J. Lee, Senior Counsel; Amy P. Weirich, District Attorney General; and Glen C. Baity, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

---

[1] "DNA analysis" is defined as "the process through which deoxyribonucleic acid (DNA) in a human biological specimen is analyzed and compared with DNA from another biological specimen for identification purposes." T.C.A. § 40-30-402.

In 2004, the Petitioner entered guilty pleas to three counts of aggravated sexual battery and two counts of rape of child. He received concurrent terms of eight years for each aggravated sexual battery conviction and concurrent terms of thirteen and one-half years for each rape of child conviction, with the aggravated sexual battery and chid rape sentences to be served consecutively for an effective sentence of twenty-one years and six months at one hundred percent in the Department of Correction. The Petitioner previously appealed the summary dismissal of a petition for writ of habeas corpus, which this court affirmed in Eric Jason Tolley v. State, No. W2007-01642-CCA-R3-HC, 2008 WL 2901610 (Tenn. Crim. App., at Jackson, July 21, 2008), perm. app. denied, (Tenn. Dec. 1, 2008).

On January 21, 2011, the Petitioner filed a pro se petition for post-conviction relief generally asserting that he is entitled to DNA analysis pursuant to Tennessee Code Annotated Section 40-30-303 (2003). Other than stating the statutory grounds for relief pursuant to section 40-30-303 and requesting the trial court to conduct a "de novo review" and "to appoint counsel," the petition does not provide any specific details in support of relief.

The State filed a response and requested that trial court deny the petition because it failed to "meet any of the requirements set forth in T.C.A. §40-30-[304]." The State further asserted that there was "no physical evidence to test" because the Petitioner's convictions were based on "fondling [the victims'] genitalia" and "perform[ing] oral sex on these victims." The State detailed the facts supporting the Petitioner's convictions in their response and further contended the following:

[T]he victim's were examined at the city of Memphis Sexual Assault Resource Center. There was no evidence kit collected, no underwear or other type clothing was submitted to TBI for testing. The victims were examined for evidence of physical injury but no lab tests were performed to check for sexually transmitted diseases. All this information is contained in the report from the Sexual Assault Resource Center and provided as discovery to Petitioner's defense counsel.

Notwithstanding the lack of physical evidence to be analyzed for DNA, the State insisted "there was a strong likelihood that the Petitioner would have still been prosecuted and probably convicted" based on the following evidence the State had against the Petitioner:

[T]he statements of the victims, an audio-taped conversation Petitioner had with the mother of the victims where he admitted performing oral sex on the six (6) year old victim, a statement from the witness James Vinson II who told police he overheard the confession Petitioner made to the victim's mother and a notebook with the words "Eric Tolley's Journal" written on the outside. The

journal contained an entry date of 12/12/03 when the defendant wrote that a doctor diagnosed him with Herpes. This entry corroborates the six (6) year old victim's allegation that the Petitioner made him rub the Petitioner's penis and that it had "little red dots, circles on it".

The trial court issued a written order emphasizing the lack of any physical evidence to test for DNA analysis and dismissed the petition on May 23, 2011. The instant appeal followed. [2]

## ANALYSIS

The Petitioner asserts that the post-conviction court erred in dismissing his petition for DNA analysis without holding an evidentiary hearing. The State responds that the post-conviction court properly dismissed the petition because it failed to meet the requirements of the Act.

The Post-Conviction DNA Analysis Act states that a petitioner convicted of specific offenses, including aggravated sexual battery and rape of a child, "may at any time, file a petition requesting the forensic DNA analysis of any evidence that is in the possession or control of the prosecution, law enforcement, laboratory, or court, and that is related to the investigation or prosecution that resulted in the judgment of conviction and that may contain biological evidence." T.C.A. § 40-30-303 (2003). Because the Act allows for a request of DNA analysis "at any time," this language overrides any general statute of limitation, regardless of whether a request for DNA testing was made at trial. Griffin v. State, 182 S.W.3d 795, 799 (Tenn. 2006) (citing T.C.A. § 40-30-303). Under the mandatory provision of this Act, the trial court shall order DNA analysis after providing notice and an opportunity for the State to respond, if the following criteria are met:

(1) A reasonable probability exists that the petitioner would not have been prosecuted or convicted if exculpatory results had been obtained through DNA analysis;

(2) The evidence is still in existence and in such a condition that DNA analysis may be conducted;

___

[2]The Petitioner filed an untimely appeal on June 28, 2011. Because he filed his notice late, the trial court denied his motion for designation of records for appeal. This Court subsequently granted the Petitioner's pro se motion to waive his untimely notice of appeal.

(3) The evidence was never previously subjected to DNA analysis or was not subjected to the analysis that is now requested which could resolve an issue not resolved by previous analysis; and

(4) The application for analysis is made for the purpose of demonstrating innocence and not to unreasonably delay the execution of sentence or administration of justice.

T.C.A. § 40-30-304 (2003).

Under the discretionary provision of the Act, the trial court may order DNA analysis after providing notice and an opportunity for the State to respond, if the following criteria are met:

(1) A reasonable probability exists that analysis of the evidence will produce DNA results which would have rendered the petitioner's verdict or sentence more favorable if the results had been available at the proceeding leading to the judgment of conviction;

(2) The evidence is still in existence and in such a condition that DNA analysis may be conducted;

(3) The evidence was never previously subjected to DNA analysis, or was not subjected to the analysis that is now requested which could resolve an issue not resolved by previous analysis; and

(4) The application for analysis is made for the purpose of demonstrating innocence and not to unreasonably delay the execution of sentence or administration of justice.

T. C. A. § 40-30-305 (2003). "Under either the mandatory or discretionary provision, all four elements must be met before DNA analysis will be ordered by the court." Powers v. State, 343 S.W.3d 36, 48 (Tenn. 2011). In other words, the trial court is under no obligation to conduct a hearing or to order DNA analysis of evidence unless it finds that each of the four statutory requirements have been satisfied. William D. Buford v. State, No. M2002-02180-CCA-R3-PC, 2003 WL 1937110 (Tenn. Crim. App. Apr. 24, 2003).

We conclude that the post-conviction court properly dismissed the petition seeking DNA analysis. Both statutory subsections of the Act require the Petitioner to show that "[t]he evidence is still in existence and in such a condition that DNA analysis may be conducted." T.C.A. §§ 40-30-304,-305. In this case, although the Petitioner states generally that he has met the requirements of the DNA Act, he fails to identify any evidence that could potentially contain DNA. In other words, he fails to inform the court what evidence he seeks to have analyzed for the presence or absence of DNA. The State counters that no such evidence exists. Specifically, the State provided that "[t]here was no evidence collected, no underwear or other evidence was submitted to the TBI for testing. The victims were examined for evidence of physical injury but no lab tests were performed to check for sexually transmitted diseases." The Petitioner's convictions were based on genital fondling and performing oral sex on the victims. The post-conviction court found, and we agree, that no evidence existed on which to conduct DNA analysis. This court has previously held that "[i]n order to satisfy a petitioner's request for DNA testing based on the Post-Conviction DNA Analysis Act, there must be evidence in existence which is amenable to DNA testing." See William Hackworth v. State, No. M2003-02148-CCA-R3-PC, 2004 WL 1686610, at *3 (Tenn. Crim. App. July 28, 2004)(citing Ricky Flamingo Brown, Sr. v. State, No. M2002-02427-CCA-R3-PC, 2003 WL 21362197, (Tenn. Crim. App. June 13, 2003), perm. app. denied (Tenn. 2003)). The record is devoid of allusions to physical evidence which could be tested. On this ground alone, the Petitioner has failed to meet his burden, and we conclude that the record supports the post-conviction court's summary dismissal of the petition. See Ashad R.A. Muhammad Ali, a/k/a Louis Webb v. State, No. M2005-01137-CCA-R3-PC, 2006 WL 1626652, at *3 (Tenn. Crim. App. June 2, 2006) (affirming the post-conviction court's dismissal of the petition for DNA testing because the evidence could not be found); Waldo Wiggins, Jr. v. State, No. W2004-02397-CCA-R3-CO, 2005 WL 3059437, at *9 (Tenn. Crim. App. Nov. 10, 2005), perm. app. denied, (Tenn. Mar. 20, 2006) (affirming the post-conviction court's denial of DNA testing where the sample from the gun was consumed during Tennessee Bureau of Investigation testing).

Based on our review of the record, we additionally conclude that the Petitioner has failed to show that a reasonable probability exists that he would not have been prosecuted or convicted if exculpatory results had been obtained through DNA analysis and that analysis of the evidence would produce DNA results which would have rendered the Petitioner's verdict or sentence more favorable if the results had been available at the proceeding leading to the judgment of conviction. T.C.A. § 40-30-304(1),-305(1). The Petitioner failed to include any support for the statutory elements under either section of the Act in his petition for post-conviction relief. Accordingly, we affirm the judgment of the post-conviction court.

## CONCLUSION

Finding no error, we affirm the judgment of the Criminal Court of Shelby County.


_____

CAMILLE R. McMULLEN, JUDGE