# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs March 19, 2013

## MATTHEW JACKSON v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Robertson County**
**Nos. 01-0022, 01-0086     Michael R. Jones, Judge**

**No. M2012-01759-CCA-R3-PC - Filed April 5, 2013**

Matthew Jackson ("the Petitioner"), acting pro se, filed for post-conviction DNA analysis after pleading guilty to two counts of aggravated rape, one count of aggravated kidnapping, one count of aggravated robbery, and one count of theft of property over $500. After a hearing, the post-conviction court denied the petition. The Petitioner now appeals. Upon our thorough review of the record and the applicable law, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment**
**of the Circuit Court Affirmed**

JEFFREY S. BIVINS, J., delivered the opinion of the Court, in which D. KELLY THOMAS, JR., and CAMILLE R. MCMULLEN, JJ., joined.

Matthew Jackson, Tiptonville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; John W. Carney, District Attorney General; and Jason White, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Factual and Procedural Background

The Petitioner pleaded guilty in May 2001 to two counts of aggravated rape, one count of aggravated kidnapping, one count of aggravated robbery, and one count of theft of property over $500, all committed during a single episode on October 9, 2000. The Petitioner received an effective sentence of twenty-five years in the Tennessee Department of Correction, to be served at 100%. This Court affirmed the Petitioner's sentence on direct appeal. See State v. Matthew Melton Jackson, No. M2001-01999-CCA-R3-CD, 2003 WL

288432 (Tenn. Crim. App. Feb. 7, 2003) ("Jackson I"). The Petitioner subsequently filed a petition for post-conviction relief, and this Court affirmed the post-conviction court's denial of relief. See Matthew Melton Jackson v. State, No. M2004-01342-CCA-R3-PC, 2005 WL 1220242 (Tenn. Crim. App. May 18, 2005) ("Jackson II").

The Petitioner filed the instant post-conviction petition for DNA testing on December 19, 2011. After a hearing consisting only of argument by the Petitioner and the State, the post-conviction court denied relief. This appeal followed.

## Analysis

The Petitioner challenges the post-conviction court's decision to deny DNA testing under the Post-Conviction DNA Analysis Act of 2001 ("the Act"). See Tenn. Code Ann. §§ 40-30-301 – 40-30-313 (2006). Under the Act, any individual convicted of aggravated rape, among several other enumerated offenses,

> may at any time, file a petition requesting the forensic DNA analysis of any evidence that is in the possession or control of the prosecution, law enforcement, laboratory, or court, and that is related to the investigation or prosecution that resulted in the judgment of conviction and that may contain biological evidence.

Tenn. Code Ann. § 40-30-303. The Tennessee Supreme Court has interpreted "any time" to indicate that there is no statutory time limit and that it does not matter whether the request was made at the time of trial. See Griffin v. State, 182 S.W.3d 795, 799 (Tenn. 2006).

A post-conviction court is required to order DNA analysis if a petitioner meets four prerequisites:

> (1) A reasonable probability exists that the petitioner would not have been prosecuted or convicted if exculpatory results had been obtained through DNA analysis;
>
> (2) The evidence is still in existence and in such a condition that DNA analysis may be conducted;
>
> (3) The evidence was never previously subjected to DNA analysis or was not subjected to the analysis that is now requested which could resolve an issue not resolved by previous analysis; and

(4) The application for analysis is made for the purpose of demonstrating innocence and not to unreasonably delay the execution of sentence or administration of justice.

Tenn. Code Ann. § 40-30-304. With respect to the first of these four factors, a "reasonable probability" is "a probability sufficient to undermine confidence in the outcome." Powers v. State, 343 S.W.3d 36, 54 (Tenn. 2011) (internal quotation marks omitted). Although "'it is difficult to anticipate what results DNA testing may produce in advance of actual testing,'" we must assume that the DNA analysis results will be exculpatory. Id. at 55 (quoting State v. Peterson, 364 N.J.Super. 387, 836 A.2d 821, 827 (N.J. Super. Ct. App. Div. 2003)).

Additionally, a court may, in its discretion, order DNA analysis if it finds that the last three prerequisites set forth above are met and "[a] reasonable probability exists that analysis of the evidence will produce DNA results that would have rendered the petitioner's verdict or sentence more favorable if the results had been available at the proceeding leading to the judgment of conviction." Tenn. Code Ann. § 40-30-305.

When the state challenges the satisfaction of any of the prerequisites under the Act, and "it is apparent that each prerequisite cannot be established, the [post-conviction] court has the authority to dismiss the petition." William D. Buford v. State, No. M2002-02180-CCA-R3-PC, 2003 WL 1937110, at *6 (Tenn. Crim. App. Apr. 24, 2003). Furthermore, "[a] petitioner's failure to meet any of the qualifying criteria is fatal to the action." Joseph W. Wilson v. State, No. W2006-00685-CCA-R3-PC, 2007 WL 1227469, at *7 (Tenn. Crim. App. Apr. 26, 2007) (citation omitted). See also Jesse Haddox v. State, No. M2003-00514-CCA-R3-PC, 2004 WL 2544668, at *2 (Tenn. Crim. App. Nov. 10, 2004) (stating that "the trial court must order DNA analysis of such evidence only if a petitioner satisfies all of the statutory requirements") (citing Tenn. Code Ann. § 40-30-304).

Our supreme court has noted that "the post-conviction court is not required by the Act to hold an evidentiary hearing in order to decide whether testing should be granted, and, therefore, the record on appeal may be limited." Powers, 343 S.W.3d at 56. Therefore, in order to ascertain the critical facts, it may be helpful to look to "[t]he recitation of the facts contained in prior appellate opinions." Id.

As set forth above, the Petitioner filed a direct appeal challenging his sentence. In our opinion addressing that issue, we summarized the underlying facts as follows:

The victims, D. H. and S. H., were leaving work at a Blockbuster Video Store when the [Petitioner], dressed in black and wearing a "black hood," approached the women and pointed a chrome Lorcin .380 semi-automatic pistol at them. (The victims will be referred to by their initials.) The pistol

was unloaded, although the victims were not aware of this until their ordeal was over. [The Petitioner] ordered the women to open the safe, and [the Petitioner] put some money into a bag. He then motioned both women into the ladies' restroom but changed his mind and ordered S. H. to accompany him. [The Petitioner] warned D. H. to stay in the restroom. [The Petitioner] took S. H. to the southeast side of the store where he made her undress at gunpoint.

[The Petitioner] inserted the barrel of the pistol into S. H.'s vagina and raped her with the gun. He then went to the front of the store and retrieved a small plastic bag usually provided customers when they rented video tapes. After he constructed a make-shift condom, [the Petitioner] began to rape S. H. a second time. During this assault, Sergeant Ricky Morris of the Springfield Police Department drove into the store's parking lot on a routine inspection of the storefront. The [Petitioner] saw the police car and fled the store through a back door.

The police officers, accompanied by a K-9 unit, searched the immediate area and apprehended [the Petitioner] when he ran from his hiding spot behind the video store. At the time of his capture, the police officers discovered a pistol, ski mask, prescription glasses and $746.26 in cash.

Jackson I, 2003 WL 288432, at *3. Additionally, in our opinion dealing with the Petitioner's claim for post-conviction relief, we noted that, at the post-conviction hearing, the Petitioner's lawyer testified that the Petitioner had given a multiple-page confession to the police and that DNA test results indicated that the Petitioner's DNA was on the gun and on the plastic bag used as a condom during the second rape. See Jackson II, 2005 WL 1220242, at *3.

In the instant proceeding, the Petitioner seeks DNA testing of "his Boxer Briefs, Blue Kap Jacket, and Black Plastic Bag." The Petitioner admitted at the hearing, however, that he did not know if the black plastic bag to which he referred had ever been found. Accordingly, the Petitioner has failed to establish that this piece of evidence "is still in existence and in such a condition that DNA analysis may be conducted." Tenn. Code Ann. § 40-30-304(2). Therefore, on this basis, we affirm the trial court's denial of DNA testing of the black plastic bag.

As to the other two items, even if we assume that DNA analysis results would be exculpatory, see Powers, 343 S.W.3d at 55, such results would not create a reasonable probability that the Petitioner would not have been prosecuted or convicted. The Petitioner confessed to committing the crimes. Both the gun and the plastic bag used to rape one of the victims were tested for DNA and linked to the Petitioner. Thus, even if the Petitioner's briefs and jacket were tested for DNA and revealed none of either of the victim's DNA or the

-4-

Petitioner's DNA, there remained overwhelming proof that the Petitioner committed the crimes of which he stands convicted. Accordingly, we affirm the post-conviction court's denial of DNA testing on the Petitioner's briefs and jacket.

## CONCLUSION

For the foregoing reasons, the Petitioner has failed to establish that he is entitled to post-conviction DNA testing. Therefore, we affirm the judgment of the post-conviction court denying relief.

_____
JEFFREY S. BIVINS, JUDGE