# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs October 21, 2014

## HOUSTON ISLEY v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Sullivan County**
**No. C63543    Robert H. Montgomery, Jr., Judge**

_____

**No. E2014-00969-CCA-R3-PC - Filed November 24, 2014**

_____

The petitioner, Houston Isley, appeals pro se from the summary dismissal of his petition for post-conviction relief, which challenged his 2012 convictions of aggravated sexual battery, incest, and attempted rape of a child and which was styled as requesting deoxyribonucleic acid ("DNA") analysis. Because the petitioner failed to allege any basis to support an order for DNA analysis and because his petition for post-conviction relief is otherwise procedurally barred, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which D. KELLY THOMAS, JR., J., joined. ROBERT H. HOLLOWAY, JR., J., not participating.

Houston Isley, Clifton, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Deshea Dulany Faughn, Assistant Attorney General; and Barry Staubus, District Attorney General, for the appellee, State of Tennessee.

## OPINION

On February 2, 2012, the petitioner pleaded guilty to one count each of aggravated sexual battery, incest, and attempted rape of a child, and the trial court imposed an effective sentence of 10 years' incarceration. The petitioner filed a timely petition for post-conviction relief alleging ineffective assistance of counsel and an unlawfully induced guilty plea, and, following a November 18, 2013 evidentiary hearing, the post-conviction court denied relief. The petitioner did not appeal the post-conviction court's order.

On May 5, 2014, the petitioner filed a petition for post-conviction relief

requesting DNA analysis pursuant to Tennessee Code Annotated section 40-30-303, claiming that his due process rights were violated due to trial counsel's failure to investigate; that a detective involved in the case had committed perjury; that trial counsel failed to call witnesses; that the petitioner did not receive an expeditious hearing; and that his *Miranda* rights were violated. In its order summarily dismissing the petition, the post-conviction court found that the petitioner "failed to identify any item that [p]etitioner believes should be subjected to DNA analysis" and "failed to set out a basis for the Court to order DNA analysis." In addition, the court stated that the petitioner had "previously filed a petition for post-conviction relief" which had been resolved on the merits following a hearing and which therefore necessitated dismissal of the petition.

On appeal, the petitioner challenges the summary dismissal of his 2014 petition, contending that the post-conviction court erred by denying his request for DNA analysis.

The Post-Conviction DNA Analysis Act of 2001 ("the Act") applies only to certain felonies, which include, among others, aggravated sexual battery, rape of a child, and the attempted commission of either of those offenses. T.C.A. § 40-30-303. The petitioner "may at any time, file a petition requesting the forensic DNA analysis of any evidence that is in the possession or control of the prosecution, law enforcement, laboratory, or court, and that is related to the investigation or prosecution that resulted in the judgment of conviction and that may contain biological evidence." *Id.*

The Act provides no statutory time limit and gives petitioners the opportunity to request analysis at "any time," whether or not such a request was made at trial. *Griffin v. State*, 182 S.W.3d 795, 799 (Tenn. 2006). A post-conviction court is obligated to order DNA analysis when the petitioner has met each of the following four conditions:

> (1) A reasonable probability exists that the petitioner would not have been prosecuted or convicted if exculpatory results had been obtained through DNA analysis;
>
> (2) The evidence is still in existence and in such a condition that DNA analysis may be conducted;
>
> (3) The evidence was never previously subjected to DNA analysis or was not subjected to the analysis that is now requested which could resolve an issue not resolved by previous analysis; and

(4) The application for analysis is made for the purpose of demonstrating innocence and not to unreasonably delay the execution of sentence or administration of justice.

T.C.A. § 40-30-304; *see also Griffin*, 182 S.W.3d at 798. Additionally, if DNA analysis would have produced a more favorable verdict or sentence if the results had been available at the proceedings leading up to the conviction or sentence, then the post-conviction court may order DNA analysis when the petitioner meets the same conditions. T.C.A. § 40-30-305; *see also Griffin*, 182 S.W.3d at 798. In either instance, some physical evidence must be available and in a proper condition to enable DNA analysis. T.C.A. §§ 40-30-304(2), -305(2).

A petitioner's failure to meet any of the qualifying criteria is fatal to the action. *See William D. Buford v. State*, No. M2002-02180-CCA-R3-PC, slip op. at 6 (Tenn. Crim. App., Nashville, Apr. 24, 2003). Moreover, the Act does not specifically provide for a hearing as to the qualifying criteria and, in fact, authorizes a hearing only after DNA analysis produces a favorable result. *See* T.C.A. § 40-30-312.

The post-conviction court has considerable discretion in determining whether to grant relief under the Act, and the scope of appellate review is limited. *See Sedley Alley v. State*, No. W2006-01179-CCA-R3-PD, slip op. at 7 (Tenn. Crim. App., Jackson, June 22, 2006). In making its decision, the post-conviction court must consider all the available evidence, including the evidence presented at trial and any stipulations of fact made by either party. *Id.* The lower court may also consider the opinions of this court and the Tennessee Supreme Court on direct appeal of the petitioner's convictions or the appeals of the petitioner's prior post-conviction or habeas corpus actions. *Id.* On appellate review, this court will not reverse unless the judgment of the lower court is not supported by substantial evidence. *Id.*

In interpreting the scope of the Act, this court has ruled that the Act's reach "is limited to the performance of DNA analysis which compares the petitioner's DNA to . . . biological specimens gathered at the time of the offense." *Sedley Alley*, slip op. at 11. In other words, the Act "does not authorize the trial court to order the victim to submit new DNA samples years after the offense, nor does the statute open the door to any other comparisons the petitioner may envision." *Id.* The Act, at most, creates "a limited interest of a defendant in establishing his/her innocence and [does] not create an interest in establishing the guilt of a speculative and unknown third party." *Id.*

In the instant case, we find no abuse of discretion in the post-conviction court's dismissal of the petition for post-conviction relief. The petitioner utterly failed to identify

anything that would entitle him to DNA analysis under the Act and instead sought relief for issues that could have been raised in his original petition for post-conviction relief. Moreover, as to the other claims stated in the petition, the law is clear that under no circumstances "may more than one (1) petition for post-conviction relief be filed attacking a single judgment . . . . [i]f a prior petition has been . . . resolved on the merits." T.C.A. § 40-30-102(c). Because the instant petition for post-conviction relief is the second such petition sought in this case, summary dismissal of the petition was appropriate.

Accordingly, the judgment of the post-conviction court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE