IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs March 3, 2015

**TOMMY NUNLEY v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
**No. 9610669     John Wheeler Campbell, Judge**

_____

**No. W2014-01776-CCA-R3-PC  -  Filed April 13, 2015**

_____

Petitioner, Tommy Nunley, appeals the denial of his petition for relief under the Post-Conviction DNA Analysis Act of 2001.  Because the post-conviction court properly determined that the evidence sought for analysis had been lost or destroyed, Petitioner is not entitled to relief.  Accordingly, the decision of the post-conviction court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the Court, in which ROBERT W. WEDEMEYER and ROBERT H. MONTGOMERY, JR., JJ., joined.

Tommy Nunley, Whiteville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Tracy L. Alcock, Assistant Attorney General; Amy P. Weirich; District Attorney General; and G. Kirby May, Assistant District Attorney General, for the respondent, State of Tennessee.

**OPINION**

*Factual and Procedural Background*

Petitioner was convicted of the aggravated rape, a Class A felony, of his thirteen-year-old cousin.  As a Range I, standard offender, Petitioner received a twenty-five year prison sentence.  The conviction and sentence were affirmed on direct appeal.  *State v. Tommy Nunley*, No. 02C01-9804-CR-00114, 1999 WL 135044, at *1 (Tenn. Crim. App. Mar. 12, 1999), *perm. app. denied* (Tenn. Sept. 13, 1999).

Petitioner then filed a timely petition for post-conviction relief, alleging that his trial counsel provided ineffective assistance for failing to seek state-funded expert assistance for DNA testing of various pieces of evidence that comprised the rape kit collected during the investigation of the case. During the course of the post-conviction proceedings, the State reported to the post-conviction court that the rape kit, while in the possession of the Memphis Sexual Assault Resource Center, had been either lost or destroyed and was unavailable for testing. Consequently, the post-conviction court granted relief. The State appealed, and this Court reversed the post-conviction court's decision, determining that Petitioner had failed to prove his claim of ineffective assistance of counsel because he had not shown prejudice, i.e., that the DNA results of the rape kit, if tested, would have affected the outcome of the trial. *Tommy Nunley v. State*, No. W2003-02940-CCA-R3-PC, 2006 WL 44380, at *6 (Tenn. Crim. App. Jan. 6, 2006), *application for perm. app. dismissed* (Tenn. June 26, 2006).

On May 16, 2014, Petitioner filed a pro se petition for relief under the Post-Conviction DNA Analysis Act of 2001 ("the Act"), requesting that DNA analysis be performed on all available evidence within the State's possession. *See* T.C.A. § 40-30-303. Petitioner also alleged that, "had the Rape Kit in this case been subjected to the [ ]Short Tandem Repeat ("STR") testing," "there is a reasonable probability . . . that Petitioner would not have been prosecuted or convicted." The post-conviction court appointed private counsel to assist Petitioner on June 26, 2014.[1] *See* T.C.A. § 40-30-307. The State filed a response on July 7, 2014, and the post-conviction court entered an order on July 17, 2014, denying the petition without a hearing. The post-conviction court found that Petitioner was not entitled to relief because the evidence at issue is not "still in existence and in such a condition that DNA analysis may be conducted," as required by Section 40-30-304(2). Petitioner filed a notice of appeal on August 14, 2014.

*Analysis*

On appeal, Petitioner raises the following issue:

Whether the [p]ost-[c]onviction [c]ourt erred by summarily dismissing [the petition] without making a determination as to whether the State's failure to preserve potentially exculpatory evidence, [specifically] the victim's Rape Kit, prior to trial rendered [Petitioner]'s trial to be fundamentally unfair under [A]rticle I, [section] 8 of the Tennessee Constitution . . . .

---

[1] Although there is an order appointing counsel, there is no indication in the record that Petitioner was ever assisted by counsel. There is no motion filing with counsel's signature or a motion to withdraw. Petitioner's notice of appeal and appellate brief were filed pro se.

Petitioner cites *State v. Merriman*, 410 S.W.3d 779 (Tenn. 2013), as supporting his argument that the post-conviction court erred in denying his petition without conducting a due process hearing, as required by *State v. Ferguson*, 2 S.W.3d 912 (Tenn. 1999).

The State responds that the post-conviction court properly exercised its discretion in denying the petition because the evidence from the record and the previous proceedings establish that Petitioner is not entitled to relief under the Act as the Rape Kit is no longer available for DNA testing. Additionally, the State cites several cases for the proposition that the post-conviction court was not required to follow the requirements of *Ferguson*.

A defendant convicted of aggravated rape "may at any time[ ] file a petition requesting the forensic DNA analysis of any evidence that is in the possession or control of the prosecution, law enforcement, laboratory, or court, and that is related to the investigation or prosecution that resulted in the judgment of conviction and that may contain biological evidence." T.C.A. § 40-30-303. There is "no statutory time limit on requests for testing . . . ." *Powers v. State*, 343 S.W.3d 36, 48 (Tenn. 2011) (citing *Griffin v. State*, 182 S.W.3d 795, 799 (Tenn. 2006)).

A petitioner under this statute is entitled to a mandatory DNA analysis if the following four requirements are satisfied:

(1) A reasonable probability exists that the petitioner would not have been prosecuted or convicted if exculpatory results had been obtained through DNA analysis;

(2) The evidence is still in existence and in such a condition that DNA analysis may be conducted;

(3) The evidence was never previously subjected to DNA analysis or was not subjected to the analysis that is now requested which could resolve an issue not resolved by previous analysis; and

(4) The application for analysis is made for the purpose of demonstrating innocence and not to unreasonably delay the execution of sentence or administration of justice.

T.C.A. § 40-30-304. However, "all four elements must be met before DNA analysis will be ordered by the court." *Powers*, 343 S.W.3d at 48. The Act "does not specifically provide for a hearing as to the qualifying criteria and, in fact, authorizes a hearing only after DNA analysis produces a favorable result." *William D. Buford v. State*, No.

-3-

M2002-02180-CCA-R3-PC, 2003 WL 1937110, at *3 (Tenn. Crim. App. Apr. 24, 2003) (citing T.C.A. § 40-30-312). Accordingly, a post-conviction court may summarily dismiss the petition if "it is apparent that each prerequisite cannot be established." *Id.* at *6. When assessing the merits of a claim for DNA analysis, a post-conviction court may consider "the opinions of this [C]ourt on either the direct appeal of the conviction or the appeals in any previous post-conviction or habeas corpus actions." *Mark. A. Mitchell v. State*, No. M2002-01500-CCA-R3-PC, 2003 WL 1868649, at *4 (Tenn. Crim. App. Apr. 11, 2003), *perm. app. denied* (Tenn. Oct. 13, 2003).

Based on this Court's previous decisions in Petitioner's case, the post-conviction court concluded that the Rape Kit that Petitioner seeks to have analyzed is either nonexistent, lost, or unable to be tested. *See Tommy Nunley*, 2006 WL 44380, at *6 (accepting that evidence in the Rape Kit has been either lost or destroyed). In its response to the petition, the State asserted that it is still unable to locate the Rape Kit. Accordingly, the post-conviction court determined that Petitioner had not and could not make a prima facie showing of relief. Because this Court has previously determined that the Rape Kit is no longer available for testing, the post-conviction court properly denied relief on the basis that Petitioner cannot satisfy the statutory requirements for DNA analysis.

On appeal, Petitioner argues that the post-conviction court erred by failing to conduct a *Ferguson* inquiry as to whether the State had a duty to preserve the evidence at issue after Petitioner was convicted. This Court specifically declined to consider that question in Petitioner's appeal on his initial petition for post-conviction relief because it was not necessary for resolution of the case. *See Tommy Nunley*, 2006 WL 44380, at *6 n.3 (noting that the "issue begs the additional question of whether the loss or destruction of evidence by the State is even relevant in the context of a post-conviction claim, [*Edward*] *Thompson v. State*, No. E2003-01089-CCA-R3-PC[, 2004 WL 911279] (Tenn. Crim. App. at Knoxville, Apr. 29, 2004)[, *perm. app. denied* (Tenn. Oct. 4, 2004)], or if the State has a duty to preserve the evidence following a defendant's conviction[,] *State v. Ferguson*, 2 S.W.2d 912, 917 (Tenn. 1999)"). The State argues that this question, as it applies to Petitioner, has been decided in Tennessee, citing *William D. Buford*, 2003 WL 1937110, at *6 (concluding that, "because the DNA Analysis Act did not become effective until August 1, 2001, some 20 years after the convictions at issue, the rationale of our supreme court in *Ferguson* as to the pre-trial obligation of the prosecution to preserve evidence, would not apply"), and *Clinton Wayne Lynch v. State*, No. M2002-02801-CCA-R3-PC, 2003 WL 21349919, at *1 (Tenn. Crim. App. June 10, 2003) ("The pre-trial obligation of the prosecution to preserve evidence necessary to assure a fair trial is not applicable."). *See also Brandon Mobley v. State*, No. E2010-00379-CCA-R3-PC, 2011 WL 3652535, at *20 (Tenn. Crim. App. Aug. 18, 2011) ("Our courts have not extended the application of *Ferguson* to post-conviction proceedings."), *rev'd on other*

*grounds*, 397 S.W.3d 70 (Tenn. 2013).  Regardless, this issue was not presented to the post-conviction court and thus is waived.  *Walsh v. State*, 166 S.W.3d 641, 645-46 (Tenn. 2005) ("Issues not addressed in the post-conviction court will generally not be addressed on appeal." (citing *Rickman v. State*, 972 S.W.2d 687, 691 (Tenn. Crim. App. 1997))).

*Conclusion*

Based on the foregoing, we affirm the decision of the post-conviction court.

_____

TIMOTHY L. EASTER, JUDGE