IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 8, 2016

**WILLIE ANDREW COLE v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Davidson County**
**No. 2005-C-2386    Steve R. Dozier, Judge**
_____

**No. M2015-02087-CCA-R3-PC – Filed September 18, 2016**
_____

Petitioner, Willie Andrew Cole, appeals pro se from the post-conviction court's summary dismissal of his post-conviction petition for DNA analysis. Petitioner contends that the trial court erred by denying his request for DNA testing pursuant to the Post-Conviction DNA Analysis Act. We affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3, Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, P.J., delivered the opinion of the Court, in which D. KELLY THOMAS, JR. and CAMILLE R. MCMULLEN, JJ., joined.

Willie Andrew Cole, Only, Tennessee, *Pro Se*.

Herbert H. Slatery III, Attorney General and Reporter; Lacy Wilber, Senior Counsel, Glenn R. Funk, District Attorney General; and Rachel Sobrero, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

*Facts and procedural history*

Petitioner was convicted in 2007 for premeditated first degree murder and tampering with evidence. Defendant received concurrent sentences of life imprisonment without the possibility of parole for his murder conviction and six years for his tampering with the evidence conviction. His sentences were ordered to be served consecutively to a life sentence he was already serving. This court affirmed Petitioner's convictions on direct appeal. *State v. Willie A. Cole*, No. M2007-02896-CCA-R3-CD, 2009 WL 1676054 (Tenn. Crim. App., June 16, 2009), *perm. app. denied* (Tenn., Oct. 26, 2009). This court summarized the facts underlying Petitioner's convictions as follows:

On June 19, 2005, Martha Banks discovered her father, seventy-one-year-old Joseph Banks, dead of multiple stab wounds in his Nashville apartment. The sixty-five-year-old [Petitioner] lived in the next-door apartment of the high-rise retirement building, Edgefield Manor, and was interviewed by police investigators as part of their canvass of the building. During the interview, which took place in the defendant's apartment, a police investigator noticed that the defendant's boot tread appeared to match a bloody shoe print found in the victim's apartment. The defendant consented to a search of his apartment and turned over to the investigator his recently polished boots, which tested positive for the presence of the victim's blood. A subsequent search of his apartment uncovered, among other things, three bottles of shoe polish and four bottles of bleach as well as signs of the kitchen floor[ ] having been recently bleached. Through conversations with other residents of the building, investigators learned that the defendant had been extremely jealous and possessive of his girlfriend, had accused the victim of having an affair with her, had threatened and assaulted the victim in the past, and had stated his intention of killing the victim in the week preceding the murder. The defendant was subsequently arrested and charged with the first degree premeditated murder of the victim and with tampering with evidence.

2009 WL 1676054, at *1.

Petitioner subsequently filed a petition seeking post-conviction relief alleging that his trial counsel provided ineffective assistance. Following a hearing, the post-conviction court denied Petitioner's petition. This court affirmed the post-conviction court's denial of relief. *Willie A. Cole v. State*, No. M2011-01676-CCA-R3-PC, 2013 WL 310208 (Tenn. Crim. App., Jan. 25, 2013), *perm. app. denied* (Tenn., June 19, 2013).

The record shows that on July 23, 2012, Petitioner filed pro se a post-conviction petition for DNA analysis. On September 20, 2012, the post-conviction court entered an order granting the State 30 days within which to respond. No response by the State or order disposing of that petition is included in the record. Petitioner filed another pro se petition seeking DNA analysis on June 15, 2015. The State filed a response to the petition. The post-conviction court entered an order summarily denying relief on October 7, 2015. Petitioner timely filed a notice of appeal.

In its order denying Petitioner's request for DNA analysis, the post-conviction court noted the evidence of Petitioner's guilt, including:

that [Petitioner] had a motive for killing [the victim] in the form of his extreme jealousy of [his girlfriend]; that [Petitioner] believed that the victim was interfering with his relationship with [his girlfriend] and had assaulted the victim in the past over the issue; that [Petitioner] stated his intention [to] kill[ ] the victim approximately one week prior to the murder; that the unarmed victim received multiple stab wounds; that the victim's wallet was still in his pocket after the murder; that the victim's blood was found on the sole of [Petitioner's] boot and on a discarded steak knife that appeared very similar to steak knives in [Petitioner's] apartment; that [Petitioner] had recently cleaned the floors of his apartment; and that [Petitioner] appeared calm after the murder and expressed no curiosity as to what had happened to the victim. Further, TBI Agent Charles Hardy, an expert in DNA analysis, testified that he found human blood on one of the two knives found in the apartment building's trash and on the sole of [Petitioner]'s left boot, both of which matched the DNA profile of the victim.

The post-conviction court concluded that even if DNA testing was possible and was performed, Petitioner failed to demonstrate a "reasonable probability that the petitioner would not have been prosecuted or convicted if exculpatory results had been obtained through DNA analysis." T.C.A. § 40-30-304(1). The court also concluded that Petitioner failed to show that a "reasonable probability exists that analysis of the evidence will produce DNA results that would have rendered the petitioner's verdict or sentence more favorable if the results had been available at the proceeding leading to the judgment of conviction." T.C.A. § 40-30-305(1).

*Analysis*

Petitioner asserts that the post-conviction court erred by denying his petition. The State responds that the evidence of Defendant's guilt was overwhelming, and the trial court properly denied Defendant's request for DNA analysis.

The Post-Conviction DNA Analysis Act of 2001 ("The Act") allows petitioners convicted and sentenced for certain homicide and sexual assault offenses in which biological evidence may have existed to request post-conviction DNA testing. T.C.A. § 40-30-303. The Act contains no statutory time limit and extends to petitioners the opportunity to request analysis at "any time," regardless of whether such a request was made at trial:

> [A] person convicted of and sentenced for the commission of first degree murder . . . may at any time, file a petition requesting the forensic DNA

3

analysis of any evidence that is in the possession or control of the prosecution, law enforcement, laboratory, or court, and that is related to the investigation or prosecution that resulted in the judgment of conviction and that may contain biological evidence.

*Griffin v. State*, 182 S.W.3d 795, 799 (Tenn. 2006) (citing T.C.A. § 40-30-303). A post-conviction court is obligated to order DNA analysis when the petitioner has met each of the following four conditions:

(1) A reasonable probability exists that the petitioner would not have been prosecuted or convicted if exculpatory results had been obtained through DNA analysis;
(2) The evidence is still in existence and in such a condition that DNA analysis may be conducted;
(3) The evidence was never previously subjected to DNA analysis or was not subjected to the analysis that is now requested which could resolve an issue not resolved by previous analysis; and
(4) The application for analysis is made for the purpose of demonstrating innocence and not to unreasonably delay the execution of sentence or administration of justice.

T.C.A. § 40-30-304; *see also Griffin*, 182 S.W.3d at 798. Additionally, if DNA analysis would have produced a more favorable verdict or sentence if the results had been available at the proceedings leading up to the conviction or sentence, then the post-conviction court may order DNA analysis when the petitioner meets the same conditions. T.C.A. § 40-30-305; *see also Griffin*, 182 S.W.3d at 798. In either instance, some physical evidence must be available and in a proper condition to enable DNA analysis. T.C.A. §§ 40-30-304(2), -305(2).

A petitioner's failure to meet any of the qualifying criteria is fatal to the action. *See William D. Buford v. State*, No. M2002-02180-CCA-R3-PC, 2003 WL 1937110, at *3 (Tenn. Crim. App., Nashville, Apr. 24, 2003). Moreover, the Act does not specifically provide for a hearing as to the qualifying criteria and, in fact, authorizes a hearing only after DNA analysis produces a favorable result. *See* T.C.A. § 40-30-312.

The post-conviction court has considerable discretion in determining whether to grant relief under the Act, and the scope of appellate review is limited. *See Sedley Alley v. State*, No. W2006-01179-CCA-R3-PD, 2006 WL 1703820, at *5 (Tenn. Crim. App., at Jackson, June 22, 2006). In making its decision, the post-conviction court must consider all the available evidence, including the evidence presented at trial and any stipulations of fact made by either party. *Id*. The lower court may also consider the

4

opinions of this court and the Tennessee Supreme Court on direct appeal of the petitioner's convictions or the appeals of the petitioner's prior post-conviction or habeas corpus actions. *Id*. On appellate review, this court will not reverse unless the judgment of the lower court is not supported by substantial evidence. *Id*.

In the instant case, we find that the post-conviction court's summary dismissal of the petition for post-conviction relief was supported by the record. The post-conviction court reviewed the available evidence, including this court's opinion on direct appeal of Petitioner's conviction. The post-conviction court found "that even if DNA testing were possible and performed, the petitioner has failed to demonstrate that a 'reasonable probability exists that the petitioner would not have been prosecuted or convicted if exculpatory results had been obtained through DNA analysis.'" *See* T.C.A. § 40-30-304(1).

In his petition, Petitioner requested DNA testing of the victim's fingernail clippings and blood smears and prints from the floor and furniture inside the victim's apartment. Defendant asserted that those items had never been subjected to DNA testing. The State does not dispute that the evidence Petitioner wanted tested still exists and has never been tested. The State argues that even if DNA testing of that evidence yielded exculpatory results, Petitioner still would have been prosecuted, and it would not have changed the outcome of the trial. We agree with the State.

Assuming, as we must, that DNA testing would yield favorable results – in this case, that someone else's DNA would be found on the victim's fingernails or in blood samples taken from the victim's apartment, it would not have changed the outcome of the trial. As noted by the post-conviction court, the proof at trial showed: that Petitioner had a motive for killing the victim; that Petitioner had previously assaulted the victim; that Petitioner had stated his intention of killing the victim one week before the murder; that the victim's blood was found on a discarded steak knife that was similar to steak knives found in Petitioner's apartment; that Petitioner had recently cleaned his apartment floors with bleach; that Petitioner was calm and showed no curiosity after the victim's body was found; and that the victim's blood was found on Petitioner's boot.

Based on the strength of the State's case against Petitioner, we agree with the State and the post-conviction court. Because Petitioner's request fails to pass the first procedural hurdle, it is not necessary to consider the remaining factors because all four factors must be satisfied to warrant DNA testing under either provision. *Powers v. State*, 343 S.W.3d 36, 48 (Tenn. 2011). Accordingly, Petitioner is not entitled to relief.

5

## CONCLUSION

In consideration of the foregoing and the record as a whole, we affirm the judgment of the post-conviction court.

_____

THOMAS T. WOODALL, PRESIDING JUDGE