FILED
10/11/2018
Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 16, 2018

## MARVIN READUS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 87-F-1521      Steve R. Dozier, Judge**
_____

**No. M2017-02298-CCA-R3-PC**
_____

The Petitioner, Marvin Readus, was convicted in the Davidson County Criminal Court of aggravated kidnapping while employing a firearm, aggravated rape, and aggravated assault, and he received an effective sentence of life plus fifteen years in the Tennessee Department of Correction. Thereafter, the Petitioner filed a petition requesting DNA analysis of evidence pursuant to the Post-Conviction DNA Analysis Act of 2001. The post-conviction court summarily dismissed the petition, and the Petitioner appeals. Upon review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT H. MONTGOMERY, JR., JJ., joined.

Marvin Readus, Mountain City, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Counsel; Glenn R. Funk, District Attorney General; and J. Wesley King, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### I.  Factual Background

In September 1987, the Davidson County Grand Jury returned an indictment charging the Petitioner with aggravated kidnapping while employing a firearm, aggravated rape, and aggravated assault.[1] Prior to trial, the State was granted an

_____

[1] In the same indictment, the Petitioner was also charged with assault with the intent to commit first degree murder. The offense involved a different victim, and that count was severed from the

interlocutory appeal pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure to determine whether the trial court erred by suppressing an electronically recorded confession the Petitioner gave to police officers approximately three to three and a half hours after his arrest but before he was taken before a magistrate. State v. Readus, 764 S.W.2d 770, 771 (Tenn. Crim. App. 1988). This court's opinion reflects that the armed Petitioner "waylaid" the victim while she was on her way to school, forced her into a building, and raped her. Id. at 772. The victim was taken to the hospital. Id. Officers located and arrested the Petitioner and brought him to the same hospital for a rape kit to be performed on him. Id. While speaking with a detective at the hospital, the Petitioner "sua sponte" revealed that he had "'shot a man'" and "'rape[d] this little girl.'" Id. The Petitioner agreed to have the rape kit performed, and, after samples were collected, he was taken to police headquarters where he gave the recorded statement the trial court suppressed. Id. On appeal, this court concluded that the trial court erred by suppressing the recorded statement and remanded the case for trial. Id. at 774.

At trial, the Petitioner was convicted of the charged offenses. He received a total effective sentence of life plus fifteen years. After trial, the Petitioner filed a timely notice of appeal. On direct appeal, this court summarized the proof adduced at trial as follows:

> The [Petitioner] had watched the victim as she walked from her residence to the site where she caught the school bus. He decided he would rape her.
>
> On the morning in question, the [Petitioner] went to the apartment complex where the victim lived, entered a vacant apartment through a window, and opened the door so that he would have easy access to the apartment. The [Petitioner], armed with a pistol and wearing a stocking mask and gloves, waited for the victim to reach the point where he had stationed himself.
>
> When the victim saw the [Petitioner], she began screaming and attempted to run away. The [Petitioner] chased her, grabbed her from behind, and struck her with the barrel of the gun. The blow inflicted a one inch gash on the victim's forehead. The [Petitioner] placed the barrel of the gun to her head and stated he would kill her if she didn't stop screaming.

---

remaining counts. On February 22, 1990, the Petitioner pled guilty to that offense and was sentenced to twelve years in the Tennessee Department of Correction. The sentence was ordered to be served consecutively to the sentences imposed for the convictions on the remaining counts of the indictment.

The [Petitioner] forced the victim to accompany him to the vacant apartment. There he removed her clothing as she laid on the floor. He tied her bra around her head to prevent her from seeing him. He tied her hands with her undergarments. He forced the victim to perform fellatio upon him. After he had reached a climax, he attempted to penetrate her vagina and anus. However, he was distracted when a family friend and the victim's schoolmates, who were searching for her, entered the apartment. The [Petitioner] became frightened, left the apartment, and ran to his mother's apartment. The police recovered the pistol and the gloves. The [Petitioner] apparently dropped the stocking mask during his flight.

The police arrived at the [Petitioner's] place of residence within minutes. They found the [Petitioner] standing next to the washing machine nude. He had just started the machine. Also, he had placed water in the bathroom tub.

The [Petitioner] gave a detailed statement to the police admitting the kidnapping, the assault, and forcing the victim to perform fellatio upon him.

State v. Marvin Readus, No. 01C01-9006-CR-00141, 1991 WL 16275, at *1-2 (Tenn. Crim. App. at Nashville, Feb. 13, 1991). This court affirmed the Petitioner's convictions, and permission to appeal was denied by our supreme court on July 1, 1991. Id.

Twenty-five years later, on August 8, 2017, the Petitioner filed a petition requesting DNA analysis of evidence pursuant to the Post-Conviction DNA Analysis Act of 2001. The Petitioner claimed that he was actually innocent of the crimes and that the police falsified evidence. The Petitioner requested testing of "forensic evidence" taken by police, but he did not specify which evidence he wanted to test.

The State responded that the Petitioner's failure to specifically identify the evidence to be tested made the determination of whether the evidence existed or was in a condition to be tested difficult. The State said that it "presume[d] the evidence introduced at trial remain[ed] in the custody of the Davidson County Criminal Court Clerk and the appellate courts" but that it was "unclear, however, as to whether the evidence remain[ed] in such a condition that DNA analysis may be conducted." Additionally, the State attached an e-mail sent in response to an inquiry from the district

attorney general's office from the Police Operations Supervisor of the Evidence Storage Section of the Metro Nashville Police Department (MNPD), which reflected that the police department no longer had any evidence pertaining to the Petitioner's case.

The post-conviction court summarily denied the petition. In its order, the court accredited the State's response that the evidence related to the Petitioner's case was no longer in the possession of the MNPD; therefore, no DNA analysis could be done. The court noted that the evidence against the Petitioner at trial was overwhelming, including the Petitioner's admission that he raped and assaulted the victim. The post-conviction court further noted that "[w]itnesses reported that the suspect was wearing a brown jacket, one brown glove, white converse tennis shoes, a gray shirt and possibly a hat" and that shortly after the offense the police found the Petitioner naked in front of a washing machine in which he was washing a brown jacket, pants, and one brown glove.

On appeal, the Petitioner challenges the post-conviction court's denial of his petition. He contends that he was actually innocent of the crimes and that he should have been appointed counsel "to effectively investigate whether up to and including when the preserved evidence[, namely the pistol and gloves allegedly worn by the assailant,] was destroyed or is logically found." We note that although the Petitioner contends in his appellate brief that the pistol and gloves should be tested, this assertion was never made in the post-conviction court.

## II. Analysis

The Post-Conviction DNA Analysis Act of 2001 (the Act) provides that

> a person convicted of and sentenced for the commission of first degree murder, second degree murder, aggravated rape, rape, aggravated sexual battery or rape of a child, the attempted commission of any of these offenses, any lesser included offense of these offenses, or, at the direction of the trial judge, any other offense, may at any time, file a petition requesting the forensic DNA analysis of any evidence that is in the possession or control of the prosecution, law enforcement, laboratory, or court, and that is related to the investigation or prosecution that resulted in the judgment of conviction and that may contain biological evidence.

Tenn. Code Ann. § 40-30-303. A post-conviction court is obligated to order DNA analysis when the Petitioner has met each of the following four requirements:

(1) A reasonable probability exists that the petitioner would not have been prosecuted or convicted if exculpatory results had been obtained through DNA analysis;

(2) The evidence is still in existence and in such a condition that DNA analysis may be conducted;

(3) The evidence was never previously subjected to DNA analysis or was not subjected to the analysis that is now requested which could resolve an issue not resolved by previous analysis; and

(4) The application for analysis is made for the purpose of demonstrating innocence and not to unreasonably delay the execution of sentence or administration of justice.

Tenn. Code Ann. § 40-30-304. Additionally, if DNA analysis would have produced a more favorable verdict or sentence if the results had been available at the proceedings leading up to the conviction or sentence, then the post-conviction court may order DNA analysis when the Petitioner meets the requirements of Tennessee Code Annotated section 40-30-305. See Griffin v. State, 182 S.W.3d 795, 798 (Tenn. 2006).

The Act does not require the post-conviction court to hold a hearing on the matter. Dennis R. Gilliland v. State, No. M2007-00455-CCA-R3-PC, 2008 WL 624931, at *3 (Tenn. Crim. App. at Nashville, Mar. 3, 2008). Notably, if the State contests any of the qualifying requirements of the Act and it is apparent the Petitioner cannot establish each requirement, the post-conviction court may summarily dismiss the petition. Charles E. Jones v. State, No. W2014-02306-CCA-R3-PC, 2015 WL 3882813, at *3 (Tenn. Crim. App. at Jackson, June 24, 2015). In other words, the Petitioner's failure to establish any single requirement may result in a dismissal of the petition. Id. "The post-conviction court is afforded considerable discretion in determining whether to grant a petitioner relief under the Act, and the scope of appellate review is limited." Sedley Alley v. State, No. W2004-01204-CCA-R3-PD, 2004 WL 1196095, at *3 (Tenn. Crim. App. at Jackson, May 26, 2004). On appeal, this court will not reverse the post-conviction court's judgment unless it is not supported by substantial evidence. Id.

The post-conviction court, noting the State's response to the petition, held that the Petitioner failed to satisfy requirement (2) of Tennessee Code Annotated section 40-30-304, namely that the evidence is still in existence and is in such a condition that DNA analysis may be conducted. This court addressed a nearly identical situation in Devon M. Crawford v. State, No. W2010-01676-CCA-R3-PC, 2011 WL 2448925 (Tenn. Crim. App. at Jackson, June 20, 2011). In Devon M. Crawford, the defendant was convicted of

the attempted aggravated robbery of a victim in a mall parking garage, during which he shot and killed the victim. Id. The defendant and his co-defendant gave statements providing specific details and admitting the crimes. Id. The defendant pled guilty to felony murder and received a life sentence. Id. Thereafter, he filed a petition seeking testing of evidence pursuant to the Act, but he failed to specifically identify the evidence he wanted tested. Id. at *3. The post-conviction court denied his petition. Id. On appeal, this court stated:

> Although the State is in a better position to confirm or deny the existence of physical evidence under its control, because the Petitioner did not name items he wished to have submitted for the testing, the State could not respond as to whether these items were in existence. We conclude that substantial evidence supports the post-conviction court's finding that the Petitioner failed to demonstrate criterion (2), that the evidence was still in existence and in such a condition that DNA analysis could be conducted.

Id. at *4. As in Devon M. Crawford, the Petitioner's failure to specify the evidence to be tested compels us to conclude he has failed to satisfy the requirements of Tennessee Code Annotated section 40-30-304(2).

Additionally, the Petitioner summarily asserted in the petition that "proper investigation of this case shall show the court that this petitioner is actually innocent." In Devon M. Crawford, this court cautioned that requirement (4), namely that the application for analysis is made for the purpose of demonstrating innocence and not to unreasonably delay the execution of sentence or administration of justice, "requires more than a bare assertion that a petitioner is seeking to demonstrate his innocence." Id. This court stated:

> As earlier discussed, the Petitioner does not specify which evidence he seeks to have tested and how testing this evidence would, in fact, demonstrate his innocence. He merely states that testing would demonstrate his innocence. A bare assertion that testing would demonstrate innocence without more is not sufficient to satisfy criterion (4) of this statute. Thus, we conclude that the Petitioner failed to satisfy this requirement.

Id. Therefore, the Petitioner also failed to satisfy the requirement listed in Tennessee Code Annotated section 40-30-304(4).

As noted by the post-conviction court, the evidence against the Petitioner was overwhelming, including his detailed confession which was corroborated by other evidence. Therefore, the post-conviction court did not abuse its discretion by concluding that the Petitioner failed to satisfy the requirements for DNA testing under Tennessee Code Annotated section 40-30-304.

### III. Conclusion

The judgment of the post-conviction court is affirmed.

_____
NORMA MCGEE OGLE, JUDGE