FILED

08/23/2022

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 23, 2022

**JAMIE BROCK v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Claiborne County**
**No. 2021-CR-3680    E. Shayne Sexton, Judge**

**No. E2022-00082-CCA-R3-PC**

The pro se petitioner, Jamie Brock, appeals from the dismissal of his petition filed pursuant to the Post-Conviction DNA Analysis Act of 2001 ("the Act"), which petition sought the appointment of counsel to assist him in seeking DNA testing of evidence related to his first degree murder conviction.  Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN, and ROBERT H. MONTGOMERY, JR, JJ., joined.

Jamie Brock, Mountain City, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Katherine C. Redding, Assistant Attorney General; Jared R. Effler, District Attorney General; and Graham E. Wilson, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In August 2006, a Claiborne County Criminal Court Jury convicted the petitioner of one count of first degree murder for the August 2005 beating death of his wife, Janet Brock. *State v. Brock*, 327 S.W.3d 645 (Tenn. Crim. App. 2009).  This court affirmed the petitioner's convictions on direct appeal, and our supreme court denied review.  *Id.*

It appears that, at some point, the petitioner filed a "Motion for DNA Testing" pursuant to Code section 40-30-303, seeking "DNA testing/comparison of three samples" of saliva and blood evidence.[1]  In the motion, he asserted that the results of

---

[1]     A file stamped copy of the motion is not included in the record, but a non-filed copy was attached to the petitioner's Notice of Appeal.  We presume that the petitioner properly filed the motion at some point because the post-conviction court ruled on it.

additional DNA testing "will exonerate him," pointing out that at the time of his trial, "CODIS was new and the science itself was underdeveloped and often unavailable." The State filed a response to the petitioner's motion, and the post-conviction court summarily denied the motion on September 22, 2020.

On November 4, 2021, the petitioner filed a "Motion for Post-Conviction DNA Act Representation," pursuant to Code section 40-30-307, seeking the appointment of counsel to pursue post-conviction relief under the Act. In this petition, the petitioner fleshed out his claim, asserting that multiple exhibits used at trial contained the DNA of unknown persons. The petitioner argued that because DNA analysis had advanced since his trial, the previously unknown DNA contributors "could be revealed" by additional testing and that the testing results would prove his innocence. He also sought the testing of previously untested pieces of evidence. In its written response, the State argued that the petitioner was attempting to "rehash" the post-conviction court's denial of his prior motion for DNA testing.

Although no transcript of proceedings appears in the record, the post-conviction court's order denying the petitioner's motions for DNA testing and representation dated February 8, 2022, indicates that "the [petitioner] was present on his Motions for DNA testing and representation" on December 20, 2021.

In this timely appeal, the petitioner reasserts his claim that the court should appoint him counsel to assist him in pursuing post-conviction relief, arguing that he has a constitutional right to representation. The State argues first that the petitioner has waived his claim by failing to prepare an adequate record for review. Alternatively, the State argues that the petitioner has no constitutional right to counsel in post-conviction proceedings and that the post-conviction court did not abuse its discretion by denying the petitioner's request for counsel. We agree with the State.

The Act applies only to certain felonies, including first degree murder. T.C.A. § 40-30-303. A petitioner may request "the forensic DNA analysis of any evidence that is in the possession or control of the prosecution, law enforcement, laboratory, or court, and that is related to the investigation or prosecution that resulted in the judgment of conviction and that may contain biological evidence." *Id.* The Act provides no statutory time limit and gives petitioners the opportunity to request analysis at "any time," whether or not such a request was made at trial. *Griffin v. State*, 182 S.W.3d 795, 799 (Tenn. 2006). A post-conviction court is obligated to order DNA analysis when the petitioner has met each of the following four conditions:

(1) A reasonable probability exists that the petitioner would not have been prosecuted or convicted if exculpatory results had been obtained through DNA analysis;

(2) The evidence is still in existence and in such a condition that DNA analysis may be conducted;

(3) The evidence was never previously subjected to DNA analysis or was not subjected to the analysis that is now requested which could resolve an issue not resolved by previous analysis; and

(4) The application for analysis is made for the purpose of demonstrating innocence and not to unreasonably delay the execution of sentence or administration of justice.

T.C.A. § 40-30-304; *see also Griffin*, 182 S.W.3d at 798. Additionally, if DNA analysis would have produced a more favorable verdict or sentence if the results had been available at the proceedings leading up to the conviction or sentence, then the post-conviction court may order DNA analysis when the petitioner meets the same conditions. T.C.A. § 40-30-305; *see also Griffin*, 182 S.W.3d at 798. In either instance, some physical evidence must be available and in a proper condition to enable DNA analysis. T.C.A. §§ 40-30-304(2), -305(2).

A petitioner's failure to meet any of the qualifying criteria is fatal to the action. *See William D. Buford v. State*, No. M2002-02180-CCA-R3-PC, slip op. at 6 (Tenn. Crim. App., Nashville, Apr. 24, 2003). Moreover, the Act does not specifically provide for a hearing as to the qualifying criteria and, in fact, authorizes a hearing only after DNA analysis produces a favorable result. *See* T.C.A. § 40-30-312.

The post-conviction court has considerable discretion in determining whether to grant relief under the Act, and the scope of appellate review is limited. *See Sedley Alley v. State*, No. W2006-01179-CCA-R3-PD, slip op. at 7 (Tenn. Crim. App., Jackson, June 22, 2006). In making its decision, the post-conviction court must consider all the available evidence, including the evidence presented at trial and any stipulations of fact made by either party. *Id.* The lower court may also consider the opinions of this court and the Tennessee Supreme Court on direct appeal of the petitioner's convictions or the appeals of the petitioner's prior post-conviction or habeas corpus actions. *Id.* On appeal, this court will not reverse unless the judgment of the lower court is not supported by substantial evidence. *Id.*

In interpreting the scope of the Act, this court has ruled that the Act's reach "is limited to the performance of DNA analysis which compares the petitioner's DNA to . . . biological specimens gathered at the time of the offense." *Sedley Alley*, slip op. at 11. In other words, the Act "does not authorize the trial court to order the victim to submit new DNA samples years after the offense, nor does the statute open the door to any other comparisons the petitioner may envision." *Id.* The Act, at most, creates "a limited interest of a defendant in establishing his/her innocence and [does] not create an interest in establishing the guilt of a speculative and unknown third party." *Id.*

Assuming that a hearing on the petitioner's motion was held on December 20, 2021, as indicated by the post-conviction court's order of February 8, 2022, the petitioner has waived our review of this matter by failing to include the transcript of the proceedings of December 20, 2021 in the appellate record. *See State v. Draper*, 800 S.W.2d 489, 493 (Tenn. Crim. App. 1990) ("It is well-established that an appellate court is precluded from considering an issue when the record does not contain a transcript or statement of what transpired in the trial court with respect to that issue."). Without this transcript, we cannot evaluate what evidence and arguments the post-conviction court considered and, consequently, we must presume the court's ruling is correct. *See id.*

Waiver notwithstanding, we note that it is well-established that the constitutional right to counsel does not extend to post-conviction proceedings. *House v. State*, 911 S.W.2d 705, 712 (Tenn. 1995) ("[T]he scope of the right to counsel is limited, and applies only through the first appeal as of right. It does not apply to post-conviction proceedings." (citing *Pennsylvania v. Finley*, 481, U.S. 551, 554-55 (1987))). Moreover, the section of our Code on which the petitioner bases his argument leaves the decision whether to appoint counsel for proceedings under the Act to the discretion of the post-conviction court. T.C.A. § 40-30-307 ("The court *may*, at any time during proceedings instituted under this part, appoint counsel for an indigent petitioner.") (emphasis added). In our view, the post-conviction court did not abuse its discretion by denying the petitioner's motion for the appointment of counsel after it had denied his motion for DNA analysis.

Accordingly, we affirm the judgment of the post-conviction court.

_____
JAMES CURWOOD WITT, JR., JUDGE